[No. 15149.   Department Two. — August 30, 1893.]

WALLACE A. BOWIE, RESPONDENT, v. THE GRAND LODGE OF THE LEGION OF THE WEST, APPELLANT.

MUTUAL BENEFIT ASSOCIATION — BENEFIT CERTIFICATE — COUPONS — CHANGE OF BY-LAWS. — Where a benefit certificate in a mutual benefit association, with coupons attached, provided that the member should be "entitled to participate in the special benefit fund of the order in an amount *to be computed according to the laws of the order*, not exceeding the amount named in said coupons respectively," and the constitution of the order contained a provision that the constitution and laws relating to and governing the beneficiary fund might be amended by a three-fourths vote of the grand lodge, a change of the laws regularly made by the grand lodge limiting the amount to be paid upon a maturing coupon to a proportionate share of one assessment for the payment of all coupons then maturing does not impair the obligation of the contract, though a different rule of computing the amount to be paid existed at the date of the certificate.

ID. — LAWS ENTERING INTO CONTRACT — PROVISION FOR FUTURE CHANGE. — The constitution and laws of the Mutual Benefit Association entered into and became part of its contract with its members, including the provision therein for future change of the laws regulating the beneficiary fund, and such change is not an amendment of the certificate of incorporation or articles of association within the meaning of section 362 of the Civil Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*F. Wm. Reade*, for Appellant.

The court erred in refusing to allow the defendant to show that its laws in relation to its beneficiary funds had been changed, as the plaintiff when he became a member became bound by its

constitution and laws which became a part of his contract of membership, and which allowed amendments thereto. (*Poultney* v. *Bachman,* 31 Hun, 52; *St. Patrick's etc. Soc.* v. *McVey,* 92 Pa. St. 510; *Stohr* v. *San Francisco Musical F. Soc.,* 82 Cal. 559.) A member of such a society is chargeable with knowledge of its laws and rules, and is bound by them if he has assented to the provisions of its constitution. (*Bauer* v. *Samson Lodge,* 102 Ind. 262; *Innes* v. *Wylie,* 1 Car. & K. 262; *White* v. *Brownell,* 2 Daly, 329.)   The society had the inherent right to change its by-laws.   (Niblack on Mutual Benefit Societies, secs. 16, 403, 404; *Fugure* v. *Mutual Soc. of St. Joseph,* 46 Vt. 362; *Stohr* v. *San Francisco Musical F. Soc.,* 82 Cal. 559; *Robinson* v. *Irish-American Ben. Soc.,* 67 Cal. 135.   See also Hirschl on Fraternities, secs. 61–64; Niblack on Mutual Benefit Societies, secs. 403, 404; note to *Austin* v. *Searing,* 69 Am. Dec. 676.   See also *In re La Solidarite etc. Ass'n,* 68 Cal. 392; *Franklin Life Ins. Co.* v. *Wallace,* 93 Ind. 7; Morawetz on Private Corporations, sec. 500 *a.*)

*Rogers & Chilstrom,* and *J. T. Rogers,* for Respondent.

The exclusion of the evidence relating to the alleged amendment was justified as the society had no power to amend its laws.   (Beach on Corporations, sec. 44; Morawetz on Private Corporations, secs. 318, 324; Civ. Code, sec. 303.)   Admitting the inherent right of the society to change its laws, still the certificate issued by the society is a contract of insurance, and having no special sanctity is construed by the usual canons. (Bacon's Benefit Societies, secs. 51, 177; Niblack on Mutual Benefit Societies, sec. 181.)

De Haven, J. — The defendant is a corporation existing under the laws of this state, and belongs to the class known as mutual benefit associations.   Under its constitution and laws it agrees to pay a stipulated sum of money to a designated nominee upon the death of the beneficiary member, and also issues to members known as "special benefit members" a certificate entitling them to receive an endowment, payable in installments during the life of such members.   The defendant is without capital stock, and, like all associations of a similar character,

depends upon the collection from its members of certain fixed assessments in order to provide a fund for the payment of the certificates issued by it.

Upon February 15, 1888, the defendant issued to the plaintiff a special benefit certificate of the sixth class, with ten coupons attached thereto, each providing for the payment of a sum not exceeding six hundred dollars, the first one maturing in June, 1891, and the tenth in the month of February, 1921; and by the terms of this certificate, the defendant agreed with plaintiff in effect that, should he live to the period of time set forth in each of the ten coupons attached thereto, he would be entitled "to participate in the special benefit fund of the order, in an amount to be computed according to the laws of the order, not exceeding the amount named in the coupons, respectively."

At the time of the issuance of this certificate, the constitution and laws of the defendant contemplated that the defendant would make and collect a sufficient number of assessments to enable it to pay each maturing coupon in full, unless one assessment on each special benefit member would not amount to six hundred dollars, in which event there should be but one assessment. The constitution, however, contained a provision that "the constitution . . . . relating to the beneficiary fund and the laws governing the same" might be amended by a three-fourths vote of all the members present at a regular meeting of the grand lodge.

This action is brought by the plaintiff to recover the sum of six hundred dollars, alleged to be due upon a coupon maturing in June, 1891, and attached to the special benefit certificate held by him. The coupon is in these words: "This first coupon issued by authority of the grand lodge, Legion of the West, shall not exceed six hundred dollars, and shall not mature before the month of June in the year 1891."

The defendant in its answer alleged that the law of defendant in relation to its beneficiary funds was amended in March, 1891, so as to provide that, if the amount of an assessment called and received in the second calendar month next preceding the maturity of a coupon "shall be insufficient to pay the full face value of each and every certificate or coupon, payable in the same calendar month, . . . . then the sum to be paid on any coupon

or certificate, payable in said calendar month and which shall be in full satisfaction thereunder, shall be a proportionate amount of such one assessment and all that can be claimed by any person." The answer further alleged that thirty-seven and a third coupons of the sixth class matured in the month of June, 1891, and that, according to the provisions of the laws of defendant, the proportion due on each, to be paid from the assessments received by defendant, would be $108, and that defendant had no other funds applicable to the payment of such coupons.

The defendant offered to show, upon the trial of the case, that this alleged change in its laws had been made, but the evidence was upon the objection of the plaintiff excluded.

The plaintiff recovered a judgment for the sum of six hundred dollars, with interest thereon, from the date of the commencement of the action. The defendant appeals, and assigns as error the ruling of the court in not permitting it to show that its laws in relation to its beneficiary funds were changed, as alleged in the answer; and we are of the opinion that the court erred in excluding this offered evidence. The alleged change made in the laws of the defendant did not impair the obligation of plaintiff's contract or affect any vested right of his. The plaintiff, when he became a member of the defendant corporation, became also bound by its constitution and laws, and such constitution and laws became a part of his contract of membership, as much so as if they had been written therein in express terms, and his rights under the certificate issued to him were subject thereto and limited thereby. The certificate issued to plaintiff contained the express provision that "he shall be entitled to participate in the special benefit fund of the order in an amount to be computed according to the laws of the order, not exceeding the amount named in said coupons respectively." This certificate, when read and construed as it must be in connection with the constitution and laws of the defendant existing at the time of its issuance, and which provided that a change might be made in the laws of defendant governing such funds, means that the plaintiff is to participate in the special benefit fund of defendant in an amount to be computed according to the laws of defendant in force when the several coupons shall mature.

"Parties may contract in reference to laws of future enact-

ment — may agree to be bound and affected by them as they would be bound if such laws were existing. They may consent that such laws may enter into and form parts of their contracts, modifying or varying them. It is their voluntary agreement which relieves the application of such laws to their contracts and transactions from all imputation of injustice." (*Supreme Golden Rule* v. *Ainsworth*, 71 Ala. 436; 46 Am. Rep. 332.) This was also, in effect, so decided by this court in the case of *Stohr* v. *San Francisco Musical F. Soc.*, 82 Cal. 557. In that case it appeared that Stohr had become a member of the defendant therein, and at the time he became such member the by-laws of that society provided that a member disabled by sickness should receive ten dollars per week. Subsequently the society limited the amount of benefits to be paid, and it was contended for the plaintiff therein that such amendment of the by-laws impaired the obligation of his contract, but the court thought otherwise, saying: "Undoubtedly when the plaintiff complied with what was required of him as a member, the by-laws constituted a contract, and unless the contract itself otherwise provide, it cannot be changed without the consent of all the members. But here the contract itself does provide otherwise. Under the averments of the second defense there is an express provision that the by-laws may be changed. . . . . This provision must be held to enter into and form a part of the contract; and in legal effect it is as potent as the express provision of the second defense. . . . . In the present case the plaintiff can have no right to have the contract remain unchanged, because, as we have seen, the contract itself provides that it may be changed. . . . . If the plaintiff has any right which is so fixed that it is not subject to change, we think it can only be to the fruits which ripened before the change was made; in other words, to such sums as became due before the new by-law was adopted.

The change alleged in defendant's answer to have been made in its constitution and by-laws was not an amendment of its certificate of incorporation, or articles of association, within the meaning of section 362 of the Civil Code.

Judgment reversed.

McFarland, J., and Fitzgerald, J., concurred.