105   219
s130  119
130   120

[No. 15529.   Department One.—December 26, 1894.]

# THE GRAND GROVE OF THE UNITED ANCIENT ORDER OF DRUIDS OF CALIFORNIA, RESPONDENT, *v.* THE GARIBALDI GROVE, No. 71, OF THE UNITED ANCIENT ORDER OF DRUIDS, ET AL, DEFENDANTS AND RESPONDENTS, AND C. DUCHEIN, AS TREASURER OF SAID GROVE, APPELLANT.

BENEVOLENT ASSOCIATION—ARTICLES—CONTRACT—ENFORCEMENT BY ACTION.—The articles of association, or the constitution and by-laws of benevolent or social organizations, are in the nature of the terms of contract which the members have entered into, and for the violation of any of these terms the penalty and mode of its enforcement are ordinarily provided by the articles; but, in order to invoke the aid of a court to enforce the payment of money or the delivery of property in pursuance of the articles of association, or by-laws, the plaintiff must show a right to the money or property sought, and that the defendants are under an obligation to comply with the demand of the plaintiff therefor, pursuant to valid rules of the association.

ID.—INVALID BY-LAW—EXPULSION OF MEMBERS—SUSPENSION OF CHARTER—OPPORTUNITY FOR HEARING.—It is a principle of natural justice that no one should be condemned without an opportunity to be heard in his defense; and a by-law which authorizes a member of a benevolent association to be expelled without a hearing or which authorizes a subordinate association to be deprived of its charter without a hearing, is unreasonable and void.

ID.—ORDER OF DRUIDS—SUSPENSION OF SUBORDINATE GROVE.—A procla-
mation by the presiding officer of the Grand Grove of the United Ancient
Order of Druids of California, ordering the suspension of a subordinate
grove, without any written charges preferred against it, or notice to it
of any complaint, or opportunity to be heard thereon, based simply
upon what the officer had heard about the grove, is invalid and void,
and cannot form the basis of an action by the grand grove against the
subordinate grove and its treasurer, to compel the surrender of moneys
of the subordinate grove to the grand grove.

ID.—CONSTRUCTION OF ARTICLES.—An article of association authorizing the
suspension by the grand grove of a subordinate grove "for good cause
shown," implies that formal charges must be presented and sustained,
and the articles cannot be construed as giving the presiding officer of
the grand grove a power of suspension of a subordinate grove without
notice of hearing.

ID.—INTERVENTION—EXCEPTION—REVIEW UPON APPEAL.—Where a petition
in intervention is denied, and no exception appears to have been taken
by the intervenors, the correctness of the ruling is not open to review
upon appeal by a defendant in the action.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*E. C. Chapman, G. H. Perry,* and *W. C. Burnett,* for
Appellant C. Duchein.

The proclamation of suspension of the defendant is
void and of no effect, for want of jurisdiction, as the de-
fendants were not given the opportunity of a hearing.
It matters not, even though it be true, that offenses may
have been committed by defendants, they cannot be
deprived of privileges of membership and rights of
property without due process of law; that is, without
specific charges, made upon due notice, and after a fair
and full hearing. (*Fritz* v. *Muck,* 62 How. Pr. 69; *La-
zensky* v. *Supreme Lodge K. of H.,* 31 Fed. Rep. 596; *Hall*
v. *Supreme Lodge K. of H.,* 24 Fed. Rep. 453, 454; *Wach-
tel* v. *Noah Widows etc. Soc.,* 84 N. Y. 28; 38 Am. Rep.
478; *Ludowiski* v. *Polish Roman Catholic etc. Soc.,* 29
Mo. App. 337; *Otto* v. *Journeymen Tailors' etc. Union,* 75
Cal. 313; 7 Am. St. Rep. 156.) The officers and tribu-
nals of the grand grove may have the right to investi-

gate and try subordinate groves and declare their property forfeited, but this can only be done by strictly following the laws and rules of the order; provided, of course, that such laws and rules are reasonable and just. For "forfeitures are not favored and are enforced only where there is the clearest evidence." (*Schunck* v. *Gegenseitiger etc.*, 44 Wis. 369; *Supreme Lodge K. of H.* v. *Abbott*, 82 Ind. 6; Bacon on Benefit Societies, secs. 102, 104, 107, 110, 116.) It is only where the constitution and laws of such societies as the one here involved are reasonable that the courts will give full force and effect to their judgments or orders. (*Lazensky* v. *Supreme Lodge K. of H.*, 31 Fed. Rep. 595; Hirschl on Law of Fraternities, 50, 53, 55, 57; Bacon on Fraternal Societies, sec. 116; *Otto* v. *Journeymen Tailors' etc. Union*, 75 Cal. 308, 7 Am. St. Rep. 156; *Evans* v. *Philadelphia Club*, 50 Pa. St. 107.)

*A. B. Hunt*, for Plaintiff and Respondent, Grand Grove, etc.

The acts of the lodge of the noble grand arch in the matter of expulsion or suspension of a subordinate lodge or grove, are of a *quasi* judicial character, and the sentence of the grove or of the noble grand arch is conclusive like that of a judicial tribunal. (*Otto* v. *Journeymen Tailors' etc. Union*, 75 Cal. 314, 7 Am. St. Rep. 156; *Commonwealth ex rel. Bryan* v. *Pike Beneficial Society*, 8 Watts & S. 250; *Burt* v. *Grand Lodge F. & A. M.*, 44 Mich. 208; *Robinson* v. *Yates City Lodge*, 86 Ill. 598.)

*Louis F. Dunand*, for Defendant and Respondent, Garibaldi Grove, No. 71, etc.

The noble grand arch had power under the constitution of the order " to suspend, during the session of the grand grove, delinquent or offending groves," and the members of the groves are bound by this provision, an appeal lying to the grand grove, if the noble grand arch has abused his discretion. (*White* v. *Brownell*, 3 Abb. Pr., N. S., 318.) Assuming that, under the circum-

stances disclosed by his defense, defendant is entitled to any redress, his remedy was by appeal from the action of the noble grand arch to the plaintiff, the grand grove, and not by an action in the courts.    (*Dawkins* v. *Antrobus*, 44 L. T., N. S., 557; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Olery* v. *Brown*, 51 How. Pr. 92; *White* v. *Brownell*, 2 Daly, 329.)    Plaintiff had the statutory authority to provide in its by-laws for the suspension of members for "misconduct."    (Civ. Code, sec. 599, subd. 4.)    "When members voluntarily enter these associations they subject themselves to the law of the body, and then cannot complain of the exercise of a power to which they have subscribed."    (High on Injunctions, sec. 230; *Walker* v. *Wainwright*, 16 Barb. 486; *White* v. *Brownell*, 4 Abb. Pr., N. S., 162; *Gregg* v. *Massachusetts Med. Soc.*, 111 Mass. 185; 15 Am. Rep. 24.)    The act of the noble grand arch is correlative with the discretion of a court of justice in the matter of granting an injunction.    The noble grand arch temporarily suspends, a matter very much in his discretion, to be governed by the nature of the case, and this is the same as the exercise of the right of injunction by the courts.    (*Lutheran etc. Church* v. *Gristigan*, 34 Wis. 328; *Riddell* v. *Harmony Fire Co.*, 8 Phila. 310; *Knights of Pythias case*, 3 Brewst. 452; *Brunnenmeyer* v. *Buhre*, 32 Ill. 183; *Olery* v. *Brown*, 51 How. Pr. 92; *Fritz* v. *Muck*, 62 How. Pr. 69.)    The society must enact and construe its own laws, and enforce its own discipline, without the interference of the courts.    Approved in *Chase* v. *Cheney*, 58 Ill. 509; 11 Am. Rep. 95; *Wood* v. *Woad*, L. R., 9 Ex. 190.    Mere irregularity in the proceedings of suspension would not warrant the court in restoring the grove, where it is evident that there was just ground for the suspension. (*State* v. *Lusitanian Portuguese Society*, 15 La. Ann. 75; *Bachman* v. *N. Y. Deutcher Arbiter Bund*, 64 How. Pr. 442–49; *State* v. *Algemeiner Deutcher Gewerde Verein*, 3 Week. Law Bull. 295; *State* v. *Society*, 5 Week. Law Bull. 124; *Harrison* v. *Simonds*, 44 Conn. 318.)

HARRISON, J.—The plaintiff is the supreme tribunal of Druidism in California, and the defendant, Garibaldi Grove, No. 71, is a subordinate grove of Druids, of which the appellant, Duchein, is the treasurer. The relation between the plaintiff and the subordinate grove is established by the constitution and by-laws of the order, by virtue of which the grand grove is given " sole right and full power to grant charters to subordinate groves, to receive appeals and redress grievances, and, in its discretion, for good cause shown, to suspend groves, arrest charters," etc. By section 15 it is provided that when any subordinate grove shall violate the terms of its charter or refuse or neglect to obey the direction and laws of the grand grove, or the general laws of the order, charges thereof may be preferred in writing to the grand grove, and a copy thereof shall be furnished to the grove complained of and notice when and where to appear for trial. The grand grove holds an annual session on the third Tuesday of June in each year, and it is provided in section 9 of article XX that, " during the recess of the grand grove the noble grand arch may, whenever he shall deem it necessary, suspend a delinquent or offending grove, such suspension to hold good until annulled by the grand grove." On the 5th of September, 1892, the noble grand arch of the plaintiff suspended Garibaldi Grove, No. 71, for the reason that he considered it was an " offending grove," and issued a proclamation of this fact to the other subordinate groves within the state. Article XIX of the rules of the order provides that the trustees shall be the custodians of the property of the grand grove, and that " it shall be their duty to execute all orders of the noble grand arch, to receive by legal process or otherwise all moneys, papers, and other property of dissolved or suspended groves in this jurisdiction," etc. In December, 1892, the noble grand arch reported this suspension to the trustees of the plaintiff, and directed them to commence the present action for the possession of the books and records of the sus-

pended grove, and for the moneys belonging to it. The court found that the appellant, Duchein, as treasurer of Garibaldi Grove, had in his possession nine hundred and fifty-four dollars and fifteen cents, moneys belonging to said grove, which he refused to deliver upon the demand of the trustees therefor, and rendered judgment directing him to pay the said money to the plaintiff herein, or to its trustees. From this judgment and an order denying a new trial Duchein has appealed.

The articles of association, or the constitution and by-laws of a benevolent or social organization, are in the nature of the terms of contract which the members thereof have entered into, and for the violation of any of these terms the articles themselves ordinarily provide a penalty and the mode of its enforcement, as well as a tribunal which shall determine whether the penalty has been incurred. But, as the payment of money or the delivery of property cannot be enforced by the machinery of these organizations, the aid of the judicial tribunals of the state is required. In order, however, to invoke this aid it is incumbent upon the plaintiff to show a right in itself to the money or property sought, and that the defendant is under an obligation to comply with its demand therefor. The appellant, as the treasurer of Garibaldi Grove, No. 71, came lawfully into the custody of the money sued for, and as against the plaintiff is entitled to retain such custody, unless it can be shown that by reason of some provision in the rules of the order he is under an obligation to deliver it to the plaintiff. The only provision of these rules by which it is claimed that such obligation has been shown is the authority given to the noble grand arch to suspend the grove, and the proceedings taken by him under the authority so conferred.

It is a principle of natural justice that no one shall be condemned without an opportunity to be heard in his defense. Whoever would claim the right to deprive another of property or privilege, without giving him an opportunity to defend the same, must show some con-

sent on his part to such action.   It is well settled that
a member of a benevolent association cannot be expelled
without being given a hearing, and that a by-law which
authorizes such a course is unreasonable and without
effect (*Fritz* v. *Muck*, 62 How. Pr. 69; *Wachtel* v. *Noah
Widows' etc. Sociey*, 84 N. Y. 28; 38 Am. Rep. 478; *People* v. *Musical etc. Union*, 118 N. Y. 108; Bacon's Benefit
Societies, sec. 101); and the same rules are applicable
whether the action of the body is an absolute severing
of the relations or a suspension by which the rights of
the suspended party are destroyed or impaired.   There
is no distinction in principle between expelling a member from a subordinate grove and revoking the charter
of the grove itself or suspending its charter.   It appears
from the record herein that the suspension of Garibaldi
Grove was made without any written charges having
been preferred against it, and that there was given to it
no notice of any complaint, or any opportunity to be
heard thereon.   The noble grand arch testified at the
trial that "from reports conveyed to him by individual
members of the order he considered it an offending
grove, and accordingly suspended it; he did not serve,
or cause to be served, any notice upon it; nor was there
any notice of any kind given of his intention to suspend
the grove; neither was there any trial had; he simply
issued the proclamation based upon what he had heard
about the grove."   It is claimed by the respondent that
section 9, aforesaid, of article XX, gave this officer
authority in his discretion to suspend an offending
grove during the recess of the grand grove, without giving any notice of his purpose.   We are of the opinion,
however, that the rules of the plaintiff do not authorize
an arbitrary suspension of a subordinate grove by him;
but that, whenever he proposes to take such action, the
grove which is charged with an offense for which he is
authorized to suspend it has the right to be informed of
such charge, and to be heard in its defense before he
can act under this section.   The limitation upon the
power of the grand grove to itself suspend a subordinate

grove "for good cause shown" implies that formal charges must be presented and sustained; and the provision in section 15, that when charges are made against a subordinate grove a copy of the charges shall be furnished to it and an opportunity given to be heard, show that the general principles under which a suspension may be had require such notice and hearing. The power of suspension which is conferred upon the noble grand arch is to be exercised by him only during the recess of the grand grove, and, in the absence of express terms, ought not to be construed as greater than that of the grand grove itself, or to be exercised in any other mode than that provided for the grand grove. The authority given to this officer is not limited to a suspension until the next session of the grand grove, but holds good "until annulled" by the grand grove. This provision indicates that it is to have the same effect as if the suspension had been made by the grand grove, since, unless some action in the nature of an appeal is taken from the act of the noble grand arch, the grand grove is never required to exercise its will upon the subject.

The finding of the court that Garibaldi Grove was in reality an offending grove, and that there was sufficient ground for its suspension, does not remedy the defect. The jurisdiction to determine this fact was, by the rules of the order, conferred upon the noble grand arch, and, as his determination of that fact under those rules could not be reviewed by the court, neither could his suspension of a grove in violation of the rules be validated by any judgment of the court. We hold, therefore, that the action of the noble grand arch in suspending Garibaldi Grove, No. 71, was not in accordance with the rules of the order, and, consequently, as the grove was not properly suspended, there was no obligation upon Duchein to pay to the plaintiff the money which he had in his hands as treasurer of the subordinate grove.

At the trial the court was asked to permit a complaint in intervention to be filed on behalf of certain members of the Garibaldi Grove. Objection being made thereto

the court sustained the objection, to which Duchein excepted. No exception appears to have been taken by the intervenors, and, as they have not appealed, the correctness of the ruling is not open to review.

The judgment and order are reversed.

VAN FLEET, J. and GAROUTTE, J., concurred.