[S. F. No. 1275.   Department Two.—July 18, 1900.]

BERTHA MEYER, Appellant, v. A. W. BISHOP et al., Respondents.

CORPORATION — MUTUAL ENDOWMENT ASSOCIATION—ACTION BY MEMBER AGAINST DIRECTORS — RECOVERY BACK OF PAYMENTS — ASSENT TO RULES.—One who has voluntarily made payments under a certificate of membership in a mutual endowment association, which assumed to be and was doing business in the style of a corporation and which had passed through the regular form of incorporation, and had elected directors and adopted by-laws, is bound by his own acts and by the articles of association and by-laws to which he had assented before the payments were made; and cannot maintain an action against the directors individually, based upon an alleged failure to incorporate, to recover back the moneys which were regularly paid in and out under the articles of association and by-laws, with full knowledge of the plaintiff as to the disposition required thereby to be made of such moneys by the directors.

ID.—FAILURE OF SCHEME—PAYMENT TO CHOSEN AGENTS—MONEY HAD AND RECEIVED—PERSONS IN PARI DELICTO.—The members of such an association, who have continued for years to pay to their chosen agents money to be expended in a specified way, cannot, after the failure of the scheme, sue their chosen agents in an action for money had and received to recover back the sums so paid. They are *in pari delicto*, and must share the loss.

ID.—DISCONTINUANCE OF BUSINESS BY DIRECTORS.—A suggestion that the defendant directors discontinued the business without sufficient cause cannot avail the plaintiff in an action to recover back moneys paid to them upon the alleged ground that there was no incorporation, which is not based upon any charge that such moneys were wasted or misappropriated by the defendants, and in which no damages are claimed for the improper discharge of the duties of their express trust as directors, but in which they are only sought to be charged as involuntary trustees of money had and received from the plaintiff.

ID.—CASE AFFIRMED AND APPLIED.—The case of *Perkins v. Fish*, 121 Cal. 317, affirmed and applied as being on all fours with the present case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. C. Spelling, for Appellant.

The articles of association and by-laws of the association purported to be a contract of life insurance, which was in violation of law and void, and estops neither party to show its invalidity. (*Spare v. Home Ben. Ins. Co.*, 8 Saw. 618; 15 Fed. Rep. 707; *In re Comstock*, 3 Saw. 228; Bacon on Benefit Societies and Life Insurance, 2d ed., secs. 51-53; *Farmer v. State*, 69 Tex. 561; 16 Am. & Eng. Ency. of Law, 33; *Commonwealth v. Wetherbee*, 105 Mass. 149; *State v. Critchett*, 37 Minn. 13; *State v. Farmers' etc. Ben. Assn.*, 18 Neb. 276, 281; *State v. Citizens' Ben. Assn.*, 6 Mo. App. 163; *State v. Merchants' etc. Soc.*, 72 Mo. 146; *People v. Nelson*, 46 N. Y. 477; *State v. Standard Life Assn.*, 38 Ohio St. 281.) When the articles conflict with the act under which corporate existence is claimed, the act must prevail, and no corporate existence is shown. (*Republican etc. Mines v. Brown*, 58 Fed. Rep. 644; affirmed, 1 C. C. A. 412.) To form a benevolent corporation a benevolent object must be clearly stated. (*People v. Rice*, 68 Hun, 24; *State v. International Inv. Co.*, 88 Wis. 512[1]; *State v. Critchett, supra; In re Nether*, 2 Penn. Dist. Rep. 702.) The purpose stated being illegal, there is an entire failure to incorporate, and an entire absence of basis for the claim of a *de facto* corporation. (Morawetz on Private Corporations, sec. 758; *Gent v. Manufacturers' etc. Ins. Co.*, 107 Ill. 658; *Kaiser v. Lawrence Sav. Bank*, 56 Iowa, 106[2]; *Evenson v. Ellingson*, 67 Wis. 634, 646; *Farmers' etc. Trust Co. v. Floyd*, 47 Ohio St. 525.[3]) The transactions were *mala prohibita* and not *malum in se*, and the parties were not, therefore, *in pari delicto*. (*Martin v. Wade*, 37 Cal. 174, 175; Pomeroy on Contracts, sec. 287; *Tracy v. Talmage*, 14 N. Y. 162[4]; *White v. Bank*, 22 Pick. 189; 2 Parsons on Contracts, 6th ed., bot. p. 910, star pp. 746, 747, and notes; *Richardson v. Willats*, L. R. 8 Ex. 69.) In such a case as this the statutory prohibition is directed against the insurer, and not against the insured. (*Tracy v. Talmage, supra; White v. Bank, supra.*) The corporation was a legal fraud, and money paid to it through its instrumentality

---

[1] 43 Am. St. Rep. 920.      [3] 21 Am. St. Rep. 846.
[2] 41 Am. Rep. 85.      [4] 67 Am. Dec. 132.

may be recovered back. (*McGrew v. City Produce Exchange,* 85 Tenn. 572.)

Davis & Hill, and F. W. Sawyer, for Respondents.

The mutual benefit and aid purposes of the corporation did not require stock, and made the corporation valid as a corporation, whether other purposes were invalid or not. (*Albright v. Lafayette etc. Assn.,* 102 Pa. St. 411.) There was a corporation *de facto.* (Civ. Code, sec. 358; *Martin v. Deetz,* 102 Cal. 65, 66[5]; *First Baptist Church v. Branham,* 90 Cal. 23.) Plaintiff who contracted with the corporation for its benefits as a member cannot deny its existence. (Thompson on Corporations, sec. 518; *Northampton County's Appeal,* 30 Pa. St. 305; *Snider's Sons Co. v. Troy,* 91 Ala. 224.[6])

TEMPLE, J.—This case seems to be on all fours with *Perkins v. Fish,* 121 Cal. 317. Plaintiff held a certificate of membership in the Mutual Endowment Association, which assumed to be and was doing business in the style of a corporation. The association went through the form of incorporation, and the defendants, who were its directors, still contend that it was a corporation *de jure* and *de facto.* Articles of incorporation were executed in due form and were filed in the clerk's office of the county and in the office of the secretary of state. A board of directors was elected and elaborate by-laws adopted. They provided, for its members only, endowment, insurance, and disability benefits, and also for assessments, with elaborate and minute provision for the disposition and management of the funds of the association. This action is not based upon any charge that the moneys have been wasted or misappropriated, but solely upon the proposition that there was a complete failure to incorporate, and the association was not even a corporation *de facto,* and, therefore, there was no authority on the part of defendants, claiming to act as trustees or directors of a corporation, to receive the money. But the payments were voluntary and made with full knowledge as to the disposition authorized and required by the by-laws. To quote from *Perkins v. Fish, supra:* "It [the money] was paid in and

---

[5] 41 Am. St. Rep. 151.
[6] 24 Am. St. Rep. 887, 891, 892.

out under articles of association and rules and regulations framed by plaintiff and other members, or assented to by them in advance of any payment by them, and they must be held to be bound by their own acts." The members, therefore, who have continued for years to pay their chosen agents money, to be expended in a specified way, cannot after the failure of the scheme sue their agents, in an action for money had and received, to recover back the sums so paid. They are *in pari delicto* and must share the loss. As to persons who were not members different questions would be presented. Conceding all that plaintiff contends for, the purposes of the association were not improper, but the mode adopted for their attainment was unauthorized. They were all in it together, and it is difficult to see why, after failure, one set of members should recover from another set, payments which they have made in the futile attempt.

Counsel for appellant in his oral argument attempted to differentiate this case from the case of *Perkins v. Fish, supra,* but we are unable to see any distinction affecting the vital point.

It is suggested that the defendants discontinued the business without sufficient cause. The proposition sounds very strange coming from the plaintiff, but this action is not for damages for the improper discharge of the duties of their trust on the part of defendants. If it can be said that defendants are sued as trustees, it is an involuntary trust which is being forced upon them.

There are eighty-two counts in the complaint, stating as many different causes of action, accruing to plaintiff and eighty-one others who had assigned their claims to plaintiff. They are all alike. Each assignor was a member of the association, and the demand of each is for money paid out upon a contract which it is alleged was void because the association was not a corporation *de jure* or *de facto,* and the business which the association attempted was unauthorized.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.