The Corte Christoforo Colombo No. 8229, A. O. F., was granted a charter by appellant in 1894, was organized and continued to act as such until July 1, 1916, when, by unanimous vote of its members, it terminated *Page 713 
its existence as a court of the Ancient Order of Foresters. It thereupon surrendered its charter and returned to appellant its books, regalia, and paraphernalia. The funds in its treasury were transferred to a corporation organized by members of the former court and designated "Corte Christoforo Colombo, No. 1, Universale Ordine dei Foresters." This corporation, however, has no connection with the Ancient Order of Foresters, and its organization was not sanctioned by that order. Demand was made by appellant upon the officers and members of the disbanded court for the payment of these funds into the sick and funeral fund of the high court, and when this was not done the present action was commenced against the officers and members of the court number 8229 and the new corporation for an accounting and the recovery of the moneys found to be held by defendants. Judgment went for defendants, and plaintiff brings this appeal.
Appellant relies upon the provisions of article XVI, section 19, paragraph 5 of the constitution and by-laws of the order, which reads as follows: "No court shall voluntarily surrender its charter so long as nine members in good standing object to its surrender, nor shall the funds of said court ever be divided among its members, but on its dissolution all funds, books and other property shall be immediately delivered to the Permanent Secretary and applied to the High Court Sick and Funeral Fund."
This section was in full force and effect for several years before the court disbanded, and all of the officers and members of the court had theretofore promised and agreed to abide by its terms. Respondents now seek to evade the penalty of the section on the claim that they did not dissolve, but merely disbanded, and, having unanimous consent, could dispose of the funds of the court as they saw fit.
There are only two questions involved on the appeal which require consideration. First, whether the court was dissolved within the meaning of this section of the by-laws; and, second, whether, if so dissolved, the high court is entitled to the funds remaining in the subsidiary court's treasury.
[1] To dissolve means to disorganize, to break up, to separate. When applied to a fraternal order of this nature it means to surrender the charter, to disband. The section quoted prohibits the voluntary surrender of a charter so *Page 714 
long as nine members in good standing object. Thus, if nine members do not object a subordinate court may surrender its charter and thereby become dissolved, disbanded, or disorganized. It is the voluntary surrender of the charter that the section quoted refers to, and it is such a voluntary dissolution that is contemplated in the latter part of the section which prohibits the distribution of the funds among the members of the court, and requires the delivery to the high court of all funds, books, and other property.
Respondents contend that it is only in case of an involuntary dissolution that the funds of a subsidiary court are to be turned over to the high court. But the opening words of the section refer to the voluntary surrender of the charter, and the word "dissolution" clearly relates back to the opening sentence. Again, the section requires the delivery of the "funds, books and other property." Certainly it could not be seriously argued that upon a voluntary dissolution of a subsidiary court the members of the court could keep or deliver to persons outside the order any of the books, seals, or secret regalia of the order.
The purpose of the section seems clearly to be that these funds, books, and other property should be delivered to the high court upon the dissolution of the subsidiary court, whether voluntary or involuntary.
This being so, the question remains whether, upon dissolution, the high court is entitled to the funds remaining in the treasury of the subsidiary court. [2] The constitution and by-laws of a fraternal order of this nature constitute a contract between the parent order and the subsidiary court and the members thereof. (Grand Grove of U. A. O. of Druids v.Garibaldi Grove No. 71 etc., 105 Cal. 219, 224, [38 P. 947].)[3] The particular section involved in this appeal was subscribed to by the subsidiary court through its duly authorized representatives at the session of the high court when the section was adopted. It thus became binding upon the subsidiary court and all of its members. Those who became members subsequent to its adoption subscribed to the by-laws and thereby became bound by the provisions of this section.
The dissolution was purely voluntary and made in view of the express terms of this section. There is, therefore, no question of taking property without due process of law. It is a case of forfeiture by contract. The funds were raised *Page 715 
in full contemplation of every privilege and penalty of the constitution and by-laws of the order, and the penalty of forfeiture was effected by the voluntary act of the members of the subsidiary court. Such being the case the appellant is entitled to the funds, books, and other property of the subsidiary court, and the judgment is therefore reversed.
Waste, P. J., and Richards, J., concurred.
A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1919.
All the Justices concurred.