[Civ. No. 13869. Second Dist., Div. One. Feb. 26, 1943.]

WILLIAM POWER et al., Appellants, v. SHERIFFS' RELIEF ASSOCIATION OF LOS ANGELES COUNTY, Respondent.

Thomas R. Lynch for Appellants.

Chas. E. R. Fulcher for Respondent.

DRAPEAU, J. pro tem.—Sheriffs' Relief Association of Los Angeles County, State of California, is an unincorporated mutual benefit association, its membership limited to civil-service employees of the Los Angeles County Sheriff's Office. Rights of members are governed and controlled by a constitution and by-laws.

In 1924 and 1925 the four plaintiffs in this action became members of the association. Two of them are living, and two of them are appearing by their personal representatives; but this circumstance makes no difference so far as the principles of the case are concerned.

In 1934 and 1935 the four plaintiffs retired from the sheriff's office, each receiving a pension of less than $100 per month. The constitution and by-laws of the association provided that in such event the retiring member retained his membership, and if he was sick and disabled, he was entitled to benefits of $40 per month. Each of the plaintiffs was sick and disabled and thereafter received sick benefits of $40 per month provided by the by-laws. In 1941 the association amended its by-laws in such manner as to terminate all sick benefits to retired members receiving pensions of less than $100 per month. In other words, by amendment to its by-laws, the association discontinued the sick benefits of $40 per month being paid to each of the plaintiffs.

Plaintiffs then brought this action seeking to compel the payment to each of them of $40 per month. The issues were submitted to the superior court on an agreed statement of facts, and judgment followed against the plaintiffs.

When the plaintiffs became members of the association, they subscribed their names to, and agreed to be governed not only by the constitution and by-laws then in force, but also by any amendment which might thereafter be added thereto. Defendant association contends that it had plenary power to amend the by-laws and to thereby discontinue the payments it was

making to plaintiffs. This is the sole question involved on this appeal.

▇ The relationship between its individual members and a voluntary association such as the defendant is contractual in nature and is controlled by the constitution and by-laws. Members have no vested right in or to sick benefits, and by-laws governing the payment thereof may be amended even during the period during which they are being paid. (*Stohr* v. *San Francisco Musical Fund Society*, 82 Cal. 557 [22 P. 1125]; *Bowie* v. *Grand Lodge*, 99 Cal. 392 [34 P. 103]; *Robinson* v. *Templar Lodge*, 117 Cal. 370 [49 P. 170, 59 Am.St.Rep. 193].)

It was apparently upon the theory that these authorities are controlling that the trial court in this case rendered judgment against the plaintiffs.

▇ But there is an exception to the general rule that a voluntary association having reserved the power to amend its by-laws may thereafter change the rights of its members to receive sick benefits. Such amendment must be reasonable. Stated conversely the power of amendment may not be used to repudiate obligations of the association which in equity and justice it should continue to pay. This exception is well stated in 38 Am.Jur., section 22, page 459.

"Since a bylaw of a mutual benefit society to be valid must be reasonable in character, an amendment thereto must also be reasonable; and it cannot be contended that this requirement is dispensed with by the fact that the association has made an express reservation of the right of amendment. Rather, the authorities are practically unanimous in holding that the general consent and agreement of a member of an association of this character, to be bound by all future changes in the constitution, bylaws, and rules of the society that it may see fit to enact, is subject to the implied condition that they must be reasonable."

Cases cited in support of this quotation indicate that the rule has been followed in Colorado, Illinois, Kansas, Maryland, Michigan, Minnesota, Mississippi, Nebraska, New York, North Carolina, West Virginia, and Wisconsin.

For illustration: Assume that three persons, and three only, enter into the contractual relationship of a voluntary mutual benefit association. These three make monthly payments to the association over a period of years for the purpose of pro-

viding sick benefits in the event any of them shall need the same. Then one of the members falls sick; whereupon immediately the other two, having the power to amend the by-laws, so change them that no sick benefits may thereafter be paid to the sick member. Obviously such an amendment would be unreasonable, and the courts in such a case would afford some relief to the third member.

In *Von Arx* v. *San Francisco G. Verein,* 113 Cal. 377 [45 P. 685], in a case setting aside the expulsion of a member of a voluntary association, our Supreme Court pointed out that ordinarily a court will not interfere where the society has by-laws applicable to the difficulty out of which the litigation arises. In *Caldwell* v. *Grand Lodge,* 148 Cal. 195, 199 [82 P. 781, 113 Am.St.Rep. 219, 7 Ann.Cas. 356, 2 L.R.A. N.S. 653], the court states: ''where the contract between the member and the order is as here disclosed it is never to be disputed that all subsequent rules, regulations, and by-laws, *not in themselves unreasonable, against express law or public policy,* enter into and govern all of his rights and relationship with the association.'' (Italics ours.)

 Therefore in this case we must now determine whether the amendment of the by-laws of the defendant association and the effect thereof upon the four members was or was not reasonable. All that the record here before us discloses is that the amendment was made and that the payments to these members of the association were stopped. The only thing in the record which could possibly support the amendment as being reasonable was that the monthly dues were quite low, $1.00 a month as to certain members and $2.00 a month as to certain other members. With a limited membership, and with such low monthly payments, long continued payments of $40 per month per member as sick benefits could bankrupt the association. But the record does not show what the financial status of the defendant association was. If there were now before the court a record upon which the trial court could have found that the amendment to the by-laws was in fact reasonable because of the financial situation of the association, or for any other good reason, there would be no grounds upon which to reverse a judgment against the plaintiffs based upon such a finding. The burden is on the defendant in such cir-

cumstances and in the absence of such a showing as in the case at bar, the judgment is without legal support.

The judgment is reversed.

York, P. J., concurred.

Doran, J., dissented.

A petition for a rehearing was denied March 22, 1943. Doran, J., voted for a rehearing.

Respondent's petition for a hearing by the Supreme Court was denied April 26, 1943. Traynor, J., and Schauer, J., voted for a hearing.