[Civ. No. 23484.   First Dist., Div. One.   May 15, 1967.]

OWEN J. HOLT, Plaintiff and Appellant, v. SANTA CLARA COUNTY SHERIFF'S BENEFIT ASSOCIATION et al., Defendants and Respondents.

926

Ash & Carotta, Bruce J. Christenson and Cyril R. Ash, Jr., for Plaintiff and Appellant.

Rankin, Oneal, Luckhardt, Center, Longinotti & Ingram and C. E. Luckhardt for Defendants and Respondents.

MOLINARI, P. J.—Plaintiff, Owen J. Holt, brought this action against defendants, Santa Clara County Sheriff's Benefit Association ("Association") and its officers, seeking a determination that the amendment to the Association's constitution and by-laws adopted by the general membership of the Association on October 6, 1964, which amendment provided for the dissolution of the Association and the

distribution of its assets, was null and void; further seeking injunctive relief to prevent defendants from disbursing the Association's funds in accordance with this amendment; and finally seeking a decree of the court terminating the existence of the Association and distributing the funds of the Association to each of its members. The trial court having entered a judgment declaring the validity of the amendment passed by the Association and the validity of the method which the Association had adopted for the distribution of its assets, and further ordering on its own motion and independent of the acts of the membership in passing this amendment that the Association be terminated and that its assets be distributed in accordance with its constitution and by-laws, plaintiff appeals from this judgment.

Santa Clara County Sheriff's Benefit Association is an unincorporated association consisting of members of the Santa Clara County sheriff's office. As originally organized in 1939 the purpose of the Association was to provide its members with certain benefits in the event of illness and also to provide retirement and death benefits to its members and their families. In order to provide these benefits the Association, in addition to obtaining funds through membership dues, had engaged throughout the years in the following fund-raising activities; policing football games at Stanford University, providing policing service at the Santa Clara County Fair, and sponsoring an annual Sheriff's Ball.

By 1964, however, the Association's various sources of revenue other than membership dues had ceased to exist. In addition, although at the time the Association was created the county provided almost no life, retirement, medical and disability insurance plans for members of the sheriff's office, by 1964 various such plans had been made available by the county. Accordingly, after the subject of dissolution of the Association had been discussed at various general meetings of the Association and an informal polling of the membership had revealed approval of the idea of dissolving the Association, at a general meeting of the membership held on July 7, 1964 a resolution was proposed that the constitution and by-laws of the Association be amended by adopting as Article XII thereof a provision terminating the existence of the Association. This article also provided for distribution of the

Association's funds, which at that time amounted to approximately $81,000, in accordance with the provisions of section 2 of Article XI of the constitution and by-laws. That section, which provided for a method of distribution of the Association's assets upon its dissolution, specifically provided that members of the Association whose membership was not of five years' duration would not participate in such distribution.[1]

Action on the subject amendment to the constitution and by-laws was deferred to the next regular meeting of the Association, which was held on October 6, 1964. At this meeting the amendment was adopted by a vote in excess of two-thirds of the members present, and the Association was thereupon declared dissolved. The validity of this amendment is challenged in the present action by plaintiff, a member of the Association for less than five years, on behalf of himself and other members similarly situated.

Although plaintiff has specified several grounds for appeal, as we understand his argument he is essentially questioning the propriety of the trial court's judgment in two respects, the first relating to the court's order dissolving the Association and the second relating to its order that the Association's funds be distributed in accordance with section 2 of Article XI of the Association's constitution and by-laws. With regard to that portion of the judgment determining that the Association should be dissolved plaintiff asserts error in several respects. Firstly, insofar as the trial court determined

---

[1]The validity of this section, which was adopted in 1960, is not challenged. In its entirety it reads as follows:

"Should this Association ever be terminated or abolished for any reason, whether by voluntary or involuntary action or by operation or [*sic*] law, then all of the assets of this Association of whatever type or character, shall be distributed as follows and in the order of priority indicated.

"FIRST Payment of all obligations, claims, or liabilities against this Association except the claims of the members of this Association to a liquidation dividend. That unless these obligations are paid directly, funds to satisfy these obligations shall be deposited in a Banking Institution as described in Article VIII, Section 1, to secure the payment of these obligations.

"SECOND Exclude all members who have not been a member in good standing for a full five year period, from receiving any funds or pro ratio of funds from such abolishment or termination.

"THIRD Following the payment of first priority obligations the balance, if any, of the Association's assets shall be distributed to its members in good standing in direct proportion to the amounts of money previously contributed by said members to the Association. From this liquidating dividend there shall be deducted the dollar amount of benefits, if any, which a member may have received from this Association during his entire membership in this Association."

that the Association should be dissolved as a result of the amendment for dissolution which the Association passed on October 6, 1964, plaintiff argues that the trial court's findings that that amendment was regularly and validly passed by the membership of the Association are not supported by the evidence, and that the Association had no power to do business of any kind, including winding up its affairs, by virtue of its failure to obtain a certificate to operate in this state pursuant to section 11401 of the Insurance Code. Secondly, insofar as the trial court ordered dissolution of the Association on its own motion independent of the Association's passage of an amendment to terminate, plaintiff contends that this determination is ''inequitable and cannot stand.''

It appears to be the law of this state that dissolution of an unincorporated association may be brought about by the action of the association itself as provided for in its articles of association, charter, or by-laws. (*Grand Grove U.A.O.D.* v. *Garibaldi Grove*, 130 Cal. 116 [62 P. 486, 80 Am.St.Rep. 80] ; *Supreme Lodge of the World* v. *Los Angeles Lodge No. 386*, 177 Cal. 132 [169 P. 1040].) The propriety of such a method of dissolution stems from the well-established principle that the constitution or by-laws of an unincorporated association have the force and effect of a contract between the association and its members as to which the members are bound and are charged with full knowledge. (*Bowie* v. *Grand Lodge L.W.*, 99 Cal. 392, 395 [34 P. 103] ; *Levy* v. *Magnolia Lodge, I.O.O.F.*, 110 Cal. 297, 309-310 [42 P. 887] ; *Lawson* v. *Hewell*, 118 Cal. 613, 618-619 [50 P. 763, 49 L.R.A. 400] ; *Robinson* v. *Templar Lodge, I.O.O.F.*, 117 Cal. 370, 373 [49 P. 170, 59 Am.St.Rep. 193] ; *Power* v. *Sheriffs' Relief Assn.*, 57 Cal.App. 2d 350, 352 [134 P.2d 827] ; *Weber* v. *Marine Cooks' & Stewards' Assn.*, 93 Cal.App.2d 327, 334-335 [208 P.2d 1009] ; *In re Terra*, 111 Cal.App.2d 452, 459 [244 P.2d 921] ; *Meyer* v. *Bishop*, 129 Cal. 204, 206-207 [61 P. 919] ; *American Soc. of Composers, Authors & Publishers* v. *Superior Court*, 207 Cal.App.2d 676, 689 [24 Cal.Rptr. 772] ; *Grand Grove A.O. of D.* v. *Duchein*, 105 Cal. 219, 224 [38 P. 947] ; *Subsidiary High Court A.O.F.* v. *Pestarino*, 41 Cal.App. 712, 714 [183 P. 297].)

Where no provision is made in the association's constitution or by-laws as to the method of dissolution, there is some authority to the effect that the consent of the majority

of the membership may effectuate dissolution of the association (*Strong* v. *Garvey Memorial Liberty Hall,* 380 Pa. 236 [110 A.2d 244, 246].) However, the general rule appears to be that in such a situation an unincorporated association may only be dissolved by the unanimous consent of its members, by the decision of some superior organization, or by a court decree. (7 C.J.S., Associations, § 9, p. 27; 5 Cal.Jur.2d, Associations and Clubs, § 40, p. 509.) In California it has been determined that an unincorporated association may dissolve by any of these three methods (unanimous consent of its members: *Subsidiary High Court A.O.F.* v. *Pestarino, supra;* decision of a superior organization: *Grand Grove U.A.O.D.* v. *Garibaldi Grove, supra; Supreme Lodge of the World* v. *Los Angeles Lodge No. 386, supra;* and court decree: *Von Schmidt* v. *Huntington,* 1 Cal. 55.)

As to dissolution of an unincorporated association by court decree, it is the general rule that a court of equity has jurisdiction to decree dissolution and to distribute the association's funds among the several members or contributors where its operations have been discontinued and its objects have been abandoned by common consent of the members. (6 Am. Jur.2d, § 59, p. 494; 7 C.J.S., *supra,* § 9(9), p. 30.) But an unincorporated association will not be involuntarily dissolved or dissolved upon complaint of some of the members for slight causes, but only when it has apparently ceased to answer the purpose of its existence and no other relief can be had. (6 Am.Jur.2d, *supra;* 7 C.J.S., *supra,* § 9(9b), p. 30; 5 Cal.Jur. 2d, *supra,* § 40, p. 509.)

Turning to the instant case in the light of the foregoing principles, we first note that no provision is made in the constitution and by-laws of the Association for dissolution except for the amendment thereto providing for the dissolution itself. In view of the attitude of the courts against dissolution, even though the majority of the members desire it, where the government of the association is fairly administered and its purposes can be carried out by a minority consisting of a sufficient number to constitute the association, we are of the opinion that the Association could not accomplish dissolution by amendment to its constitution and by-laws where no provision for dissolution was therein provided for. Therefore, since under its existing constitution and by-laws the Association was not empowered to dissolve itself except by unanimous consent of its members, and since such consent was not obtained, we need not consider whether the

subject amendment providing for dissolution of the Association was validly adopted.[2]

The record discloses, however, that plaintiff, on behalf of himself and those similarly situated, specifically prayed in his complaint that the court terminate the existence of the Association and make an equitable distribution of its funds to all of the members.[3] The record is equally clear that the issue of the Association's continued existence was specifically tendered to the court and that substantial evidence was adduced supporting the trial court's finding that the organization had ceased to answer the ends of its existence.[4] Thus the record contains evidence that the purpose of the Association, as originally organized, was to provide its members with certain benefits in the event of illness and also to provide retirement and death benefit to its members and their families. However, while the evidence discloses that at the time of the Association's inception the county provided few of these benefits, the record reveals that at present various of these benefits are provided by the county under plans more economical and comprehensive than those that could be provided by the Association. The record also reveals that the various sources of revenue which had been available to the Association to provide for the aforementioned benefits had ceased to exist. Moreover, there is ample in the record to indicate that all of the parties to the instant litigation were in agreement that the essential purposes and aims of the Association had ceased to exist. As already pointed out, plaintiff specifically prayed for a dissolution in his complaint. Additionally, the record discloses that the Association consisted of approximately 110 members; that 103 of these had voted in favor of disbanding

[2]We do not suggest that the Association could not, by validly adopted amendment to its constitution and by-laws, provide for a *method* of dissolution in view of the provision in its constitution and by-laws providing that the Association could enact additional by-laws or amend its constitution by a two-third majority vote of the members present at a regular stated meeting called for that purpose. Here, however, the proposed amendment provided for the dissolution *itself* and not for the method or manner by which dissolution could be accomplished by future action of the Association.

[3]Plaintiff pleaded, alternatively, that a decree be entered requiring the Association to continue its existence until each of its members became members for a period of at least five years and prohibiting the Association from accepting new members.

[4]The constitution and by-laws of the Association provided that its objects were as follows: "The purpose for which this Association is formed are to bind the members thereof together in a closer bond to AID EACH OTHER IN SICKNESS, DISTRESS AND DEATH."

the Association in the advisory ballot taken by the Association in the spring of 1964; and that of 73 members voting at the October 6, 1964 meeting 53 voted to dissolve the Association. (See *Von Schmidt* v. *Huntington, supra,* 1 Cal. 55, at p. 73.)

We conclude, therefore, that the trial court was afforded sufficient grounds for decreeing dissolution of the Association. ▉ Accordingly, the only question which remains for our determination is the propriety of the judgment insofar as it ordered that the assets of the Association be distributed in accordance with Article VI, section 2 of its constitution and by-laws. It is the general rule that upon the dissolution of a voluntary association its property should be distributed pro-rata among its members unless otherwise provided by its constitution or by-laws. (7 C.J.S., *supra,* § 10(b), p. 32; 5 Cal.Jur.2d, *supra,* § 41, p. 510; 6 Am.Jur.2d, *supra,* § 60, p. 495.) In the instant case the constitution and by-laws of the Association provided for a specific method of distribution of its assets upon dissolution. As pointed out above, the constitution or by-laws of an unincorporated association have the force and effect of a contract between the organization and its members. This principle applies, therefore, to bind the members to the method provided in such constitution or by-laws for the distribution of the assets of the organization upon its dissolution. (*Subsidiary High Court A.O.F.* v. *Pestarino, supra,* 41 Cal.App. 712, at p. 714; see 6 Am.Jur.2d, *supra,* § 60; 168 A.L.R. 956 and cases cited therein; and see *Scott* v. *Donahue,* 93 Cal.App. 126, 130 [269 P. 455].)

Accordingly, in the case at bench, since the constitution and by-laws of the Association which were in effect at the time of the Association's dissolution specifically provided for a method of distribution of the Association's assets, which method included limiting distribution of the assets to persons who have been members of the Association for at least five years, and since there is no indication in the record that this constitution and by-laws were improperly adopted, and since plaintiff became a member of the Association after the adoption of the existing constitution and by-laws containing this provision as to distribution of the Association's assets, we conclude that the trial court properly determined that the Association's assets be distributed in accordance with Article XI, section 2 of the constitution and by-laws of the Association.

■ Finally, we point out that we deem no inequity to plaintiff as a result of the trial court's determination that the assets of the Association should be distributed in accordance with the Association's constitution and by-laws, which limit distribution of the assets to persons who have been members of the Association for at least five years. Aside from the consideration that plaintiff and those similarly situated have by contract expressly waived any rights to the funds and assets of the Association (see *Levy* v. *Magnolia Lodge, I.O.O.F., supra,* 110 Cal. 297; *Subsidiary High Court A.O.F.* v. *Pestarino, supra,* 41 Cal.App. 712, at pp. 714-715), it seems to us to be reasonable, upon equitable considerations, that parties should be free to contract that upon dissolution of an unincorporated association the distribution of its assets be limited to those members of the organization, who, by virtue of the longevity of their membership, played a substantial part in the acquisition of those assets.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.