[No. 13974. In Bank. — March 30, 1892.]

GEORGE A. BLAKESLEE, BISHOP OF THE REORGANIZED CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, APPELLANT, *v.* H. C. HALL, DEFENDANT, AND ARTHUR WHITWORTH ET AL., INTERVENERS, RESPONDENTS.

CORPORATION SOLE — GRANT TO INDIVIDUAL AND HIS SUCCESSOR IN OFFICE. — A grant to a particular person *eo nomine*, "and to his successor in office as bishop" of a particular church, does not pass any estate in the land granted to the subsequent incumbent of the office of such bishop, unless the bishop of the church was a corporation sole.

ID. — CREATION OF CORPORATION SOLE. — In California a corporation sole can be created only by compliance with the provisions of section 602 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*John D. Bicknell*, and *E. L. Kelley*, for Appellant.

*Smith, Winder & Smith*, for Respondents.

McFARLAND, J. — This is an action of ejectment against defendant Hall to recover certain land in the city of Los

Angeles. Whitworth and others intervened. Judgment was rendered against plaintiff, and he appealed from the judgment, and from an order denying a new trial.

Plaintiff claimed title under a certain deed of conveyance of the land in contest, executed by Lydia Rebbeck on February 3, 1886. The only language in the deed which designates the grantee or the purposes of the grant is the following: "I, Lydia Rebbeck, of the county of Los Angeles, state of California, widow, grant to George A. Blakeslee, of Galien, Berrien County, Michigan, and to his successor in office as bishop of the Reorganized Church of Jesus Christ of Latter Day Saints, all that real property," etc. By the deed there was reserved to said Lydia the possession and rents and profits of the land during her life, and also a lease to defendant Hall, which expired March 15, 1889. On March 23, 1887, the said Lydia died, and upon the distribution of her estate the said land went to the interveners, unless it went to the present appellant through said deed to Blakeslee. Defendant Hall is in possession under said interveners.

The court below found that the deed was procured from said Lydia — who was sick at the time with an incurable disease, from which she afterwards died — by the undue influence of one Mills, who was her pastor and spiritual adviser, both being members of said Reorganized Church, and also found that there was no corporation sole or otherwise to which the deed was made, — that there was no grantee, etc. We need not examine into the correctness of all the rulings of the court below as they appear in the statement on motion for new trial, because we think, for the reasons hereinafter stated, that respondents' motion to dismiss the appeal should be granted.

After the appeal had been perfected, and the cause was in this court, counsel for appellant suggested the death of said plaintiff, Blakeslee; and on their motion E. L. Kelley, who had been elected as bishop of the said Reorganized Church, was substituted as appellant in the action, whereupon respondents moved to dismiss the

appeal, upon the ground that said Kelley has no interest in the litigation. (It is asserted in respondents' brief on the motion, and not denied in the brief of appellant, that appellant declined to substitute the personal representatives of Blakeslee.)

If the deed was made to Blakeslee as a natural person, then the personal representatives are alone interested in the litigation, and are alone entitled to be substituted as appellants. If the deed is to be construed as intending to run to Blakeslee as bishop, and to his successor in office as bishop, then the word "successor" is valueless, and does not convey to or continue in said Kelley any estate in the land, unless the bishop of said church was and is a corporation sole. But there is no pretense that there was or is any such corporation. Such a corporation could be created in this state only by compliance with the provisions of the Civil Code on that subject (sec. 602); and it does not appear that there is any different law in the state of Illinois, or that there is any law there at all for the formation or existence of such a corporation. At all events, it is not contended that said bishop was a corporation. If, therefore, the use of the word "successor," in the deed, excludes the intent of the grantor to convey a fee to Blakeslee and his heirs, he took, at best, but an estate for life. Under any view, therefore, Kelley has no estate in the land, and no interest in the litigation.

The appeal is dismissed, with a stay of *remittitur* for thirty days.

DE HAVEN, J., PATERSON, J., GAROUTTE, J., HARRISON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.