[No. 13043.   In Bank. — June 18, 1892.]

GEORGE W. TYLER, APPELLANT, *v.* GEORGE T. MAYRE, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

ASSIGNMENT IN TRUST — TRUSTEE AS BENEFICIARY — ASSIGNOR'S ATTORNEY — TRUST FOR FEES AND DISBURSEMENTS. — Where the owner of a note, upon which a suit is brought against the makers, assigns it in trust, together with all the avails of the action, and certain other claims to secure certain specified obligations, "first deducting and paying out of any money that may be realized out of said claims all charges for costs and attorney's fees and charges, to provide for the payment of which this assignment is also made," the fact that the assignee is one of the beneficiaries named does not prevent the assignment from creating a trust, which may be enforced in favor of the attorney of the assignor, for his fees and disbursements for costs in the suit on which the note was made.

ID. — ENFORCEMENT OF TRUST AGAINST ADMINISTRATOR OF TRUSTEE. — Such trust devolves upon the administrator of the trustee, and may be enforced directly against him by the assignor's attorney, as an equitable cause of action.

ID. — PROMISE FOR BENEFIT OF ANOTHER — EXECUTED CONSIDERATION — AGREEMENT BY ASSIGNEE TO PAY ATTORNEY'S FEES OF ASSIGNOR. — The agreement by the assignee to pay the fees of the assignor's attorney, being based upon an executed consideration, may be enforced by the attorney, as a promise made for his benefit, by an action at law against the assignee.·

ID. — ESTATES OF DECEDENTS — PRESENTATION OF CLAIMS — PLEADING. — The cause of action in favor of the attorney of the assignor, against the administrator of the assignee, is not governed by section 1493 of the Code of Civil Procedure; and if the administrator pleads the statute of limitation, the cause of action against him is not affected by a finding that the cause of action against the deceased assignor was barred by that section, however it might affect the estate of the assignor.

ID. — SEPARATE RELIEF AGAINST ONE OF SEVERAL DEFENDANTS — PRAYER OF COMPLAINT. — The relief to which the plaintiff is entitled against any one of the defendants is not limited by his prayer for relief against other defendants; but he is entitled to any relief justified by the facts alleged in the complaint, if proved or admitted.

ID. — DISQUALIFICATION OF PLAINTIFF AS WITNESS — CLAIM AGAINST ESTATE. — The plaintiff in such action cannot testify against the adminis-

tratrix of the deceased assignor to an agreement made between the assignor, the assignee, and the plaintiff, to the effect that the plaintiff should continue to prosecute the suit upon the assigned note as attorney for the assignor, and be paid a reasonable fee out of the proceeds of the judgment, if collected, nor can he testify to any matters of fact occurring before the death of the assignor.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of Mr. Commissioner Vanclief.

*D. H. Whittemore,* and *Whittemore & Sears,* for Appellant.

*Aylett R. Cotton, W. H. H. Hart, J. B. Reinstein,* and *A. J. Le Breton,* for Respondents.

The COURT. — After hearing in Bank, we are satisfied with the conclusion reached in Department, and with the opinion therein delivered by Commissioner Vanclief, and for the reasons stated in such opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

DE HAVEN, J., concurring. — I concur in the judgment of reversal, but dissent from that part of the opinion which holds that the court erred in sustaining the objection made to plaintiff's offer to show by his own testimony that it was "agreed between plaintiff, Jane E. Chase, and William Irvine, that plaintiff should continue to prosecute the case as attorney for plaintiff, and if he finally succeeded in getting a judgment, he should be paid out of the proceeds of said judgment, when collected, a reasonable fee"; and the further offer to show by the same testimony what was agreed at the same time in reference to the written agreement referred to in the testimony of witness Reinstein.

HARRISON, J., and GAROUTTE, J., concurred.

SHARPSTEIN, J., dissenting. — There are four assignments of error herein, two of which are based upon the refusal of the court to permit plaintiff to testify to matters of fact, occurring before the death of Jane E. Chase, deceased, whose administratrix, Clara J. Slater, was a defendant in the action. The only question which arises upon the exceptions to the rulings of the court upon the objections to the competency of the plaintiff to testify as to the matters of fact occurring before the death of Jane E. Chase is, whether the action is prosecuted against the administratrix of her estate, *upon claim or demand against said estate.* ·

The complaint states facts sufficient to constitute a cause of action against said administratrix, and the plaintiff prays for judgment; that there is due him from defendant Clara J. Slater, as administratrix of Jane E. Chase, deceased, the sum of $1,570, payable out of the amount due on a judgment recovered in the action of said Jane E. Chase against one Evoy, in the prosecution of which plaintiff alleges that he rendered the services as the attorney of said Jane E. Chase, for which he claims there is due him from the administratrix of said estate said sum of $1,570. The circumstance of his asking to have it adjudged that said amount is payable out of the amount due on said judgment does not change the character of the claim. If it is not a claim against the estate, it cannot be adjudged payable out of a judgment belonging to the estate. The plaintiff was not a competent witness to prove the facts which he offered to prove by his own evidence, and the court properly sustained the objections to his testifying to said facts. (Code Civ. Proc., sec. 1880.) The court did not err in permitting the defendants to prove by the witness Reinstein that he had seen a written agreement between plaintiff and Jane E. Chase, in which it was stipulated that plaintiff should receive two hundred and fifty or three hundred dollars for his services in the action of *Chase* v. *Evoy.*

The finding of the court, that Jane E. Chase did not assign anything to William Irvine in trust, for the pur-

pose of paying to plaintiff for his services as her attorney, or for the purpose of paying him any charge or claim whatsoever, is, in my opinion, justified by the evidence. In the assignment of Jane E. Chase to Irvine, the plaintiff is once, and only once, mentioned. After declaring that the assignment is made in trust for the following uses, intents, and purposes, to wit, there follows this clause: "To secure to George W. Tyler and H. K. W. Clark, their and each of their heirs, executors, and administrators, for their respective obligations and liabilities incurred by them, and either of them, as the bondsmen of the party of the first part, as administratrix of the estate of M. S. Chase, deceased, made and delivered on her appointment as such administratrix, and also to secure any other substitutes of said bondsmen, or either of them, to be hereafter substituted as her bondsmen in the matter of her administration of said estate, first deducting and paying out of any moneys that may be realized out of said claims all charges for costs and attorney's fees and charges, to provide for the payment of which this assignment and transfer is also made." I fail to discover any intention to assign the claim against Evoy in trust, for the payment of plaintiff's fees and charges for prosecuting an action to recover the same. Therefore, in my judgment, the finding that no such assignment was made, or trust created, should not be disturbed.

I think the judgment and order should be affirmed.

The following is the opinion of Commissioner Vanclief, rendered in Department One on the 30th of June, 1891: —

VANCLIEF, C.—On November 24, 1873, one Jane E. Chase, being the owner and holder of a promissory note made by Briggs, Evoy, and Cobb, employed plaintiff, as her attorney at law, to bring suit on said note, which he did, and on the 3d of December, 1873, recovered final judgment thereon against the estate of Evoy (then deceased) for $6,175. On May 21, 1878, Jane E. Chase

executed to the defendant William Irvine, the following instrument: " Know all men by these presents, that Jane E. Chase, of Martinez, Contra Costa County, California, party of the first part, for the consideration and purpose hereinafter set'forth, hath sold, assigned, transferred, and set over, and doth hereby sell, assign, transfer, and set over, unto William Irvine, of the city and county of San Francisco and state aforesaid, party of the second part, all and singular the following claims, indebtedness, and obligations, to wit: The certain promissory note, in writing, made and executed to me by M. G. Cobbs, G. G. Briggs, and John Evoy, for the principal sum of twenty-five hundred dollars, gold coin, with interest at the rate of one and one half per cent per month, payable in thirty days from the date thereof, and dated August 21, 1871, now in suit in the third district court in and for the county of Alameda, wherein the said party of the first part is plaintiff, and Mary J. Evoy, administratrix of the estate of John Evoy, deceased, and others are defendants, together with all the avails of said action that may be paid, collected, or realized on or on account of the said note, and in the said action; and also the following insurance claim of the party of the first part, viz.: Claim against the Hartford Fire Insurance Company for $2,500; claim against the Lamar Insurance Company for $1,950; and claim against the Rhode Island Association for $1,950; all which insurance claims are now in suit in the district court of the tenth judicial district in and for the city and county of San Francisco; together with all and singular the avails and moneys that may be paid, collected, recovered, or received for or on account of said several claims; provided always, that this assignment, sale, and transfer of said several claims and demands is made by said party of the first part to said party of the second part in trust, and to and for the following uses, intents, and purposes, to wit: To secure George W. Tyler and H. K. W. Clark, their and each of their heirs, executors, and administrators, for their respective obligations and liabilities incurred by

them, and either of them, as the bondsmen of the party of the first part, as administratrix of the estate of M. S. Chase, deceased, made and delivered on her appointment as such administratrix, and also to secure any other substitutes of said bondsmen, or either of them, to be hereinafter substituted as her bondsmen in the matter of her administration of said estate, first deducting and paying out of any moneys that may be realized out of said claims all charges for costs and attorney's fees and charges, to provide for the payment of which this assignment and transfer is also made; hereby constituting and appointing the said party of the second part my true and lawful attorney, in my place and stead, to demand, collect, receive, and recover the said several demands, indebtedness, and claims, with full power and authority to compound for and settle and give acquittances for the same, as fully, in all respects, as I could do in my own proper person, but for this assignment and power." On August 28, 1881, Jane E. Chase died, and in July, 1882, defendant Clara J. Slater was appointed administratrix of her estate; the said Clara and the defendant Rhodes being her only heirs at law. On November 12, 1882, William Irvine died, and on December 4, 1882, the defendant Mayre was appointed administrator of his estate.

The purpose of this action is to recover from the estate of Irvine, through the administrator thereof, a portion of the money realized, or to be realized, from the judgment against Evoy, sufficient to pay plaintiff's fee (alleged to be fifteen hundred dollars) as attorney for Chase in the action in which that judgment was recovered; and also seventy dollars, alleged to have been expended by plaintiff as costs in the prosecution of that action; the plaintiff contending that the assignment of the note by Chase to Irvine was in trust to pay from the money realized from the note, among other things, first, the attorney's fees and charges due plaintiff for his services in said action on the note, which action was still pending (on appeal) at the time of the assignment of the note.

Before the commencement of this action, by agreement of the parties interested, one thousand dollars of the money realized from the judgment on the note were deposited in the Bank of Martinez (the corporation defendant) to abide the judgment in this action. The prayer of the complaint is, — 1. That the court appoint some competent person to carry out said trust; 2. That it be adjudged " that there is due plaintiff from . . . . the estate of Jane E. Chase, deceased, the sum of $1,570, payable out of the amount due on said judgment; 3. That the Bank of Martinez pay to said trustee the said sum of $1,000; and 4. That said trustee proceed to collect from the administratrix of John Evoy the amount due on said judgment, and pay the plaintiff out of the money so collected the sum of $1,570 "; and for such other relief, etc. The separate answer of Mayre, administrator of Irvine, admits all the allegations of the complaint, and alleges that he has no interest in the subject-matter of this suit, because, he says, the estate of Evoy, with the consent of the administratrix of the estate of Chase, has paid to the estate of Irvine " all the money due to said Irvine's estate," and therefore he " consents to any judgment herein that to the court may seem meet. The same is not to be taken against the said Mayre for any relief of costs." The separate answer of Shaw, administrator of the estate of Evoy, denies all the allegations of the complaint, and avers that, in obedience to an order of court made in the matter of the estate of Evoy, he paid upon the claim of the estate of Jane E. Chase the sum of $6,765. The joint answer of Slater, administratrix of Chase, and the Bank of Martinez denies that the assignment of Chase to Irvine was made in trust to secure payment of plaintiff's fees as attorney for Chase or for plaintiff's benefit, except as indemnity to him for having become a surety on the bond of Chase as administratrix of the estate of M. S. Chase, deceased; denies that the services of plaintiff were reasonably worth fifteen hundred dollars, or any sum whatever; denies the necessity for the appointment of any trustee to succeed Irvine;

avers, in proper form, that the claim of plaintiff set up in his complaint, and upon which the action is based, is barred by section 1493 of the Code of Civil Procedure, and also by section 1500 of the same code. The court found that the plaintiff performed the services charged for in his complaint under a special agreement with Jane E. Chase, to the effect that she was to pay him therefor only three hundred dollars, which was to be paid only "out of any moneys that might be collected upon final judgment recovered by plaintiff in that suit," viz., the suit in which the services were rendered; but also found that plaintiff's causes of action against the estate of Jane E. Chase were barred by section 1493 of the Code of Civil Procedure. As matter of law, the court construed the written assignment of the note by Chase to Irvine as not being in trust for plaintiff's benefit, and as not giving him any lien upon or interest in that note, or the money to be collected in the suit thereon, as security for his fees or expenditures in the prosecution of such suit, or otherwise. As a necessary result of these findings, the court gave judgment for the defendants; from which, and an order denying his motion for a new trial, the plaintiff appeals.

1. As contended by appellant, I think the court misconstrued the assignment from Chase to Irvine. That the assignment was in trust for certain purposes, and accepted as such by Irvine, there should be no doubt (Civ. Code, secs. 2221, 2222), though Irvine, the trustee, was also one of the beneficiaries. (Perry on Trusts, secs. 59, 297.) That one of the purposes of the trust was to pay the plaintiff and other attorneys of Chase their proper fees and charges for services and expenditures in the actions in which they were employed is expressed with sufficient certainty in the instrument itself. Before applying the money to be realized from the note and other claims assigned to any other purpose of the trust, the trustee is directed to deduct and pay "out of any moneys that may be realized out of said claims all charges for costs and attorney's fees and charges, to provide for the

payment of which this assignment and transfer is also made." It appears that suits upon all the demands assigned were pending at the time of the assignment, and that plaintiff was the attorney for the assignor in the suit upon the note of Evoy, and rendered the services alleged by him, and was entitled to proper fees therefor, though it is found that a special agreement between him and Chase limited his fees to three hundred dollars, to be paid only from the money recovered on the note.

2. The trust in this case devolved upon the administrator of Irvine (Perry on Trusts, secs. 143, 144), and the facts stated in the complaint constitute an equitable cause of action directly against Irvine's administrator. The mutual consent of a trustor and trustee creates a trust of which the beneficiary may take advantage at any time prior to its rescission. (Civ. Code, sec. 2251; *Bettis* v. *Townsend*, 61 Cal. 333.) And even though the relation between Chase and Irvine should be held not to be that of trustor and trustee, the agreement between Chase and Irvine, upon a sufficient executed consideration, that the latter should pay plaintiff for his services to Chase, may be enforced by plaintiff directly against Irvine in an action at law. (Civ. Code, sec. 1559; *McLaren* v. *Hutchinson*, 22 Cal. 188; 83 Am. Dec. 59; Pomeroy on Remedies, sec. 139; Wharton on Contracts, secs. 785 et seq., and notes.) To plaintiff's alleged cause of action against Irvine's administrator, section 1493 of the Code of Civil Procedure has no proper application; nor was it or any other statute of limitation pleaded by the administrator of Irvine, whose answer admits all the allegations of the complaint, and consents to any judgment deemed proper by the court, except a judgment against him for costs; and therefore plaintiff's cause of action against the administrator of Irvine is not affected by the finding that his cause of action against the administratrix of Chase was barred by section 1493 of the Code of Civil Procedure. No question is raised as to the propriety of having joined the administratrix of Chase as a party defendant. Perhaps she was properly joined, for the reason that she may

be entitled to a resulting interest in the trust fund after all the purposes of the trust shall be satisfied; and in view of one branch of the prayer of the complaint, it may have been prudent and proper for her to plead section 1493 of the Code of Civil Procedure as a bar to any relief sought against the estate of Chase.   But the relief to which plaintiff is entitled against any one of the defendants is not limited by his prayer for relief against other defendants.   He is entitled to any relief justified by the facts alleged in his complaint, if such facts are proved or admitted.

3.  J. B. Reinstein was called as a witness by the defendants to prove the contents of a lost paper writing, relating to the compensation plaintiff was to receive for his services in the case of *Chase* v. *Evoy and others*, and testified as follows: " That paper I saw was an agreement between Jane E. Chase and George W. Tyler, signed by both, in which the sum of $250 or $300 was mentioned, to be paid to Tyler out of the proceeds of any judgment he might secure in that case, for his services in that suit, and in connection with the promissory note on which that suit was founded.   I cannot remember the whole or exact contents of the paper, but that much I do remember."   The plaintiff, in rebuttal, offered to prove, by his own oath, that the paper spoken of by witness Reinstein was an agreement between him and Jane E. Chase, providing for the payment for his services in preparing and presenting the claim against the estate of John Evoy, and in bringing said suit, and in procuring a judgment in the district court; and when the note and suit was assigned by Jane E. Chase to William Irvine in trust, plaintiff went to Jane E. Chase's room, at her request, and there met Mr. William Irvine, and the whole matter was talked over between the three; that plaintiff was told of the assignment to Irvine in trust; and that he was to look to him thereafter for his pay for his services and expenses in said suit, which he agreed to do; that the first contract was talked about, and it was conceded

by J. E. Chase, William Irvine, and himself that the agreement provided only for the preparation and presentation of the claim against the estate of John Evoy, deceased, and the bringing of suit and the trial of the case in the district court; that it was then and there agreed between plaintiff, Jane E. Chase, and William Irvine, that plaintiff should continue to prosecute the case as attorney for plaintiff, and if he finally succeeded in getting a judgment, he should be paid out of the proceeds of said judgment, when collected, a reasonable fee."

This proffered testimony was objected to, " as incompetent, under section 1880 of the Code of Civil Procedure, because it is not competent for plaintiff to testify, as against the administratrix, to any matters of fact occurring before the death of Jane E. Chase. The court sustained the objection, and excluded the testimony. Conceding that this testimony would have been incompetent to prove a cause of action against the administratrix of Chase, I think it was admissible in this action to establish and enforce a trust against the administrator of Irvine, even though it incidentally involved proof of a contract between plaintiff and Chase, made during the life of the latter. (*Myers* v. *Reinstein*, 67 Cal. 89; *Knight* v. *Russ*, 77 Cal. 410; Perry on Trusts, sec. 86.)

4. As already remarked, the trust devolved upon the administrator of Irvine; but even if the trusteeship had been vacant, there would have been no necessity for the appointment of a successor to Irvine, as it appears that all parties controlling and interested in the trust fund are before the court. (Perry on Trusts, sec. 873.)

I think the judgment and order should be reversed, and the cause remanded for a new trial.

BELCHER, C., and FITZGERALD, C., concurred.

Rehearing denied.