[S. F. No. 1537.  Department One.—September 27, 1900.]

GRAND GROVE OF UNITED ANCIENT ORDER OF
DRUIDS OF CALIFORNIA, Respondent, v. GARI-
BALDI GROVE NO. 71, etc., and JOHN KNARSTON,
Respondents, and C. DUCHEIN, Treasurer of Said Grove,
Appellant.

ORDER OF DRUIDS—FORFEITED CHARTER OF SUBORDINATE GROVE—ACTION
BY GRAND GROVE AGAINST TREASURER—PARTIES.—In an action by an
incorporated grand grove of the United Ancient Order of Druids
to compel the treasurer of a subordinate unincorporated grove
which it is alleged had been declared dissolved, and its charter
and all of its property forfeited to the grand grove, the al-
leged defunct grove is not a proper party defendant; but the
individuals named as defendants should be regarded as the only
defendants.

ID.—UNINCORPORATED BENEFIT SOCIETY—RIGHTS OF MEMBERS—EXPUL-
SION—CHARGE AND NOTICE OF HEARING.—An unincorporated associa-
tion organized for mutual benefit is a mere aggregate of in-
dividuals, called for convenience, like partnerships, by a com-
mon name. Its members own its property, and it has no right
of expulsion except that based upon the agreement of the mem-
bers embodied in its charter, constitution, and by-laws. No
member can be deprived of his share in the property by expul-
sion without a specific charge of the violation of particular
rules of the association creating the offense charged, and pre-
scribing expulsion as a penalty, and without notice and hearing
of such charge.

ID.—FORFEITURE OF CHARTER—PRINCIPLES INVOLVED—MODE OF NOTICE
OF CHARGE AND HEARING.—The same principles which are applica-
ble to the expulsion of a member are applicable to the ex-
pulsion of the subordinate association and its members, and
the forfeiture of its charter and property by a superior asso-
ciation. If there is no provision in the charter, constitution, or
by-laws of the association prescribing vicarious service of no-
tice of the charge and hearing thereof upon its officers or desig-
nated agents, jurisdiction to forfeit the charter can only be ac-
quired by personal service of such notice upon the members
of the subordinate association.

ID.—CITATION TO FORMER OFFICERS—STIPULATION FOR HEARING—JURISDIC-
TION—DE FACTO SUCCESSORS—DUE PROCESS OF LAW.—The service of
a citation to the accused subordinate grove upon its former
officers, whose term had expired eight months previously, and
who did no other act after abdicating their offices than to

acknowledge service of such citation and stipulate for a hearing of the charge, after their places had been filled by the election of other officers, who were acting as such, could not confer jurisdiction upon the grand grove to forfeit the charter, irrespective of the validity of the election. Such forfeiture would be without due process of law as to the members claiming to be the grove, who were represented by *de facto* officers of their choice, to whom no notice of hearing was given.

Id.—Representation Before Trial Committee—Finding—Jurisdiction not Shown.—A finding that a person named appeared before the trial committee of the grand grove on the part of the defendants, comprising only two of the members of the subordinate grove, under authority given alone by the treasurer defendant, whose authority to bind the members of the subordinate grove does not appear, does not show jurisdiction in the grand grove to forfeit the charter of the subordinate grove.

Id.—Request for New Committee—Mistake of Name in Record—Correction.—Where it is not denied that there is a mistake in the record in substituting the name of the treasurer defendant for that of an attorney of the defunct association, who appeared in the grand grove and urged the appointment of a new committee, the appellate court will not rest its decision upon the false statement in the record which might be corrected upon admission of the respondent, or upon order to the court below, or upon motion in that court.

Id.—Jurisdiction of Grand Grove Over Subject Matter—Insufficient Charges.—Where the charges in the written accusation of the grand grove against the subordinate grove consisted: 1. Of a mere general charge that the offending grove had violated its charter, and had refused to obey the directions and laws of the grand grove; and 2. Of charges of specific acts not appearing in the accusation to be violations of any of the specific provisions of the charter, constitution, or by-laws, or to be acts of the subordinate grove as distinguished from acts of its members—no jurisdiction is shown over the subject matter of any offense which could justify a forfeiture of the charter.

Id.—Forfeiture Without Due Process of Law.—A forfeiture of the charter and property of the subordinate grove by the grand grove, without sufficient specification of charges to show jurisdiction over the subject matter, and without sufficient notice of hearing to bind the members of the subordinate grove, is in violation of the constitutional provision that no one shall be deprived of property without due process of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Fitzgerald & Abbott, for Appellant.

A. B. Hunt, for Grand Grove, Respondent.

Louis F. Dunand, for Garibaldi Grove, and John H. Knarston, Respondents.

SMITH, C.—Appeal from judgment for plaintiff against defendant Duchein, and from order denying motion for new trial.

The plaintiff is a corporation organized under the laws of this state. The defendant, the Garibaldi Grove, was, on and before June 22, 1893, a subordinate unincorporated association, organized under charter from the plaintiff; but on that date, by a vote of the Grand Grove, at the annual session held in San Francisco for the year 1893, a resolution was passed whereby the Garibaldi Grove was declared "dissolved, and . . . . the charter and all property of said Garibaldi Grove . . . . forfeited to the Grand Grove," etc. At that date the defendant Duchein was the treasurer of the Garibaldi Grove, and as such had in his custody the sum of nine hundred and fifty-four dollars and fifteen cents, the property of the grove; and the suit was brought May 21, 1895, to recover judgment against him for this money.

No relief was demanded or given against the defendant association. Nor is it explained why it was desirable or how it was possible to make an association, which, according to the allegations of the complaint, had been dissolved, a party to the suit. Yet this defunct association is not only made a party, but appears as though living, and files an answer in the lower court praying for judgment in favor of the plaintiff—thus presenting the case of a deceased party coming into court to participate in a contest as to the disposition of its estate, and at the same time asking an adjudication of its own decease. The error, however, though grotesque, is immaterial, and is referred to simply for the purpose of clearing the case of an unnecessary complication. The suit is merely a suit against the defendants Duchein and Knarston, who are to be regarded as the only defendants.

The sole question in the case is as to the validity of the resolution of the Grand Grove declaring a dissolution of the Garibaldi Grove and a forfeiture of its property to itself. If that was valid the plaintiff was entitled to recover from Duchein the amount held by him as treasurer at the time of the dissolution; otherwise not.

It is indeed claimed by Duchein that between the date of the alleged dissolution and March 23, 1895, he paid out as treasurer, and under the direction of the Garibaldi Grove (for lawyers' fees and cost in previous suit—reported in *Grand Grove etc. v. Garibaldi.Grove etc.*, 105 Cal. 219), the sum of seven hundred and eighty-one dollars, and on that date turned the balance over to his successor; and it is submitted by his counsel "that Mr. Duchein ought not to be compelled to pay these amounts twice." But if the dissolution of the grove and the forfeiture of its property to the Grand Grove be valid, such must be the result.

The principles of law governing the decision of the question involved may be thus summarized: "There is no distinction in principle between expelling a member from a subordinate grove and revoking the charter of the grove itself." (*Grand Grove etc. v. Garibaldi Grove etc., supra.*)

Associations of this character are not bodies politic or corporations; nor are they recognized by the law as persons. They are mere aggregates of individuals called for convenience, like partnerships, by a common name. Such associations cannot, therefore, acquire or hold property, though often said to do so. All the property said to belong to it is in fact the property of its members and each man's share of it is his own private property and equally protected by the fundamental laws. (1 Bacon on Benefit Societies, sec. 27.) For the same reason such associations cannot sue or be sued. In suits where they are apparently parties, the real parties are the members of the association, who—as in the case of partnerships—are sued by the company name.

Associations of this kind are not vested with the right of expulsion by the general law of the land, but by the agreement of the members as expressed in the charter, constitution, and by-laws of the association. To these and to legislation subse-

quently to be enacted, every member assents in joining the association. (1 Bacon on Benefit Societies, secs. 64, 81.) There thus arises a special law resting on the agreement of the members and binding on them; and in this, and not in the general law, is to be found the source of the power of expulsion. Hence it is said: "The rights of the members of these associations rest in contract, and . . . . can only be divested in the manner provided in the contract." (1 Bacon on Benefit Societies, sec. 104.)

It follows—unless in the case of conduct subversive of the fundamental objects of the association, with which in this case we have no concern—that no member can be expelled, and thus deprived of his share of the property of the association, unless for violation of some explicit provision of the law of the association creating the offense with which he is charged, and prescribing expulsion as the penalty. (*Otto v. Journeymen Tailors' etc. Union,* 75 Cal. 314.[1]) To justify expulsion there must, therefore, be a written charge, in the nature of an indictment or information referring, either expressly or by implication, to the particular provision of the law violated and describing some specific act or acts as constituting the offense. (*Grand Grove etc. v. Garibaldi Grove etc., supra;* 1 Bacon on Benefit Societies, sec. 103; Hirschl's Law of Fraternities, sec. 13, p. 13.)

The party accused must also have due notice of the trial of the charge, and an opportunity of being heard in his defense (*Grand Grove etc. v. Garibaldi Grove etc., supra*); and "if no other method of notice is prescribed by the by-laws, it must be served personally" (1 Bacon on Benefit Societies, sec. 101)— i. e., where the proceeding is against the association—on the members, for they alone are the parties to the suit. They may, however, where the constitution or by-laws of the association so provide, be served vicariously by service on certain officers or other agents designated by them for the purpose. But service of this kind is good only by virtue of the agreement of the members as thus expressed, and would otherwise be void.

The above rules apply not only to the action of a subordinate association in expelling a member, but, *a fortiori,* to a superior

---

[1] 7 Am. St. Rep. 156.

association that assumes to exercise the power of expulsion over the subordinate association or its members. (1 Bacon on Benefit Societies, secs. 104, 116, subd. 4.) In either case, in a proceeding for expulsion, the society exercising the power acts in a *quasi* judicial character and must confine itself to the powers vested in it (*Otto v. Journeymen Tailors' etc. Union, supra*); and, as in all cases of inferior tribunals, its jurisdiction must affirmatively appear.

Applying these principles to the present case, it is manifest that the proceedings against the Garibaldi Grove were without jurisdiction, either of the subject matter, or of the parties, and were therefore wholly void.

1. The claim of jurisdiction over the person of the accused association, or rather over the persons of its members, must rest on the written acknowledgment of service of the citation, appearing in the record, signed "C. Clivio, Last Noble Arch," "J. Moresi, Last Secretary." The terms of these gentlemen had expired some eight months prior to the date of the alleged service; and even before the expiration of their terms they had ceased to attend the meetings of the grove and had avowedly withdrawn from exercising their official functions—the signing of the acknowledgment being, in fact, their first official act subsequent to their abdication of their offices. In the meanwhile, other officers had been elected by those members of the grove who continued to hold meetings; and these officers, at the time of the alleged service, were claiming to be, and were acting as, the official representatives of the grove. Their elections, it is indeed claimed, were irregular and void. But it cannot be determined from the record whether this was so, or the contrary; and on this point the burden of proof was on the plaintiff. But however this may be, the fact is indisputable that at the time of the proceeding, there was a *de facto* association, consisting of members of the grove, claiming to be the grove, and represented by its *de facto* officers. And under these circumstances it was not consistent with good faith for the Grand Grove to serve Clivio and Moresi as representatives of the Garibaldi Grove and its members, or for them to acknowledge service, and to stipulate for immediate trial, on their

behalf. For the effect of thus proceeding was to deprive the members of the grove in opposition, and claimed to be recalcitrant, of the opportunity to be heard, and thus to deprive them of their shares of the property of the association without due process of law. And such, manifestly, was the purpose of the proceeding.

But apart from these considerations, and assuming that Clivio and Moresi were the officers of the association, there was no evidence of any provision of the charter, constitution, or by-laws of the association prescribing vicarious service on them or authorizing them to accept service. Hence jurisdiction could be acquired only by personal service on the members (1 Bacon on Benefit Societies, sec. 101); and there is no pretense of such service.

Much stress, however, is laid on the finding of the court that Mr. Lovie "appeared before [the trial] committee on the part of said defendants," and it is claimed that jurisdiction was thus acquired. But the finding refers only to the defendants in this action, and cannot be construed as referring to any other members of the association. And it also appears from the finding that the only authority exercised or claimed by Mr. Lovie was the authority given him by Duchein; whose authority does not appear.

In this connection it will be proper to refer to a controversy as to the record between the attorneys of the respective parties. It is claimed by respondent's counsel that the trial committee was appointed on the motion of Mr. Duchein; and in support of this contention there is quoted in his brief the following passage from the statement: "The next day Mr. Duchein came into the session of the Grand Grove and urged the appointment of a new committee," etc. On the other hand, it is claimed by appellant's counsel that in the reporter's transcript of the testimony the name of "Dunand" (who appears in this case as the attorney of the defunct association) was written, and that the name of "Duchein" was inadvertently substituted for his in the statement; and in support of this claim the certificate of the court below to that effect is filed in this court. Nor is the fact disputed by the respondent's attorney, who simply claims that the defendant Duchein cannot be allowed to

impeach his own record. But the counsel is mistaken in supposing that it would be to trifle with the law, or to insult the intelligence of the court to argue the point. The method of bringing the error to the attention of the court was irregular, but the court would be unwilling to rest its decision upon an alleged fact known to it, and apparently to the counsel on both sides, to be false. Nor are the resources of the law so defective as to require it to do so. The fault in the record could readily be cured by the admission of the respondent's attorney; and the duty of making such admission was imposed upon him by the provisions of section 282 of the Code of Civil Procedure, and especially by those of subdivisions 3 and 4. Or, failing such admission, the record could be amended in the court below; and such amendment, if the fact were material, would be directed by this court.

2. With reference to the jurisdiction of the Grand Grove over the subject matter of the proceeding, the case is no better. The charges against the Garibaldi Grove, as they appear in the written accusation, are of two kinds—the one consisting of the general charge that the offending grove "had violated the terms of its charter," and "had refused to obey the directions and laws of the Grand Grove," etc.; the other, of charges of specific acts that do not appear to be violations of any of the provisions of the charter, or of the constitution or by-laws of the Grand Grove, or even to be acts of the Garibaldi Grove, as distinguished from the acts of its members. There was, therefore, no offense charged against the accused association, or at least no offense justifying forfeiture. And the findings of the trial committee are equally defective.

On both grounds, therefore, the case comes clearly under the constitutional provision that no one "shall be deprived of . . . . property without due process of law." (Const., art. I, sec. 13; U. S. Const., art. XIV, sec. 1.)

I advise that the judgment and order denying a new trial be reversed and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.

Temple, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.