[Civ. No. 227.   Second Appellate District.—June 20, 1906.]

## PARKE W. KAUFFMAN et al., Respondents, v. E. P. FOSTER, Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—TRUST FUND SEGREGATED BY DECEASED HUSBAND—DISTRIBUTION OF FUND IN WIFE'S ESTATE—PRESENTATION OF CLAIM.—Where a trust fund received by a deceased husband in his lifetime under the will of his deceased wife was invested by him as directed by the decree of distribution of her estate, to be paid over to a Masonic lodge as distributee thereof, in trust for the maintenance of her burial lot, and was kept segregated by the husband, presumably in obedience to the decree, such trust fund was no part of the husband's estate, and it was not necessary for trustees of the lodge, appointed by it to receive the fund, to present a claim against the husband's estate, as a condition precedent to a recovery of the fund from his administrator.

ID.—CHARITABLE CHARACTER OF LODGE—SUFFICIENCY OF EVIDENCE.— *Held,* that the evidence was sufficient as to the charitable character of the lodge, and the holding of its funds in trust for purposes of charity.  (Smith, J., *contra.*)

ID.—COMPETENCY OF LODGE TO ACCEPT TRUST UNDER DECREE—PRESUMPTION—CONTROL OF EQUITY.—The competency of the lodge to accept the trust imposed upon it by the terms of the decree of distribution must be presumed in favor of the decree, and if the case were otherwise, an association of members is so far under the control of a court of equity that they will be compelled to execute the duties of the trust.  (Smith, J., *contra.*)

ID.—CONCLUSIVENESS OF DECREE.—There being before the court a distributee, and a decree of distribution which has become final, this court cannot by indirection inquire into the validity of the decree, or of the evidence received and offered in its support.

ID.—PERMANENCE OF INVESTMENT BY HUSBAND—PRESUMPTION OF CONTINUANCE—TRUST DEVOLVED UPON ADMINISTRATOR.—An investment of the trust fund by the husband which is proved, and which was ordered to be made permanent, is presumed to continue, and upon his death the trust devolved upon his administrator.

APPEAL from an order of the Superior Court of Ventura County.   J. W. Taggart, Judge, presiding.

The facts are stated in the opinion of the court.

Barnes & Selby, and Edward M. Selby, for Appellant.

Toland & Andrews, N. Blackstock, and M. J. Rogers, for Respondents.

ALLEN, J.—A judgment in favor of plaintiffs against defendant as administrator of the estate of Jacob K. Gries, decreeing that said administrator should invest $1,000 in his hands and transfer the security to San Buena Ventura Lodge, Free and Accepted Masons, under a contract that of the income of such $1,000 so much as necessary should be used in the maintenance of a burial lot in which is interred the remains of Mrs. Mary S. Gries. From an order denying a new trial defendant appeals, upon a bill of exceptions.

The case is this: Ventura Lodge, Free and Accepted Masons, is an unincorporated association, found by the court to have been organized for charitable purposes, and since its organization has been collecting and disbursing large sums by way of charity, and no money received by it can be properly expended otherwise than for expenses of the association and for charitable purposes. This association contains about eighty-five members. Mrs. Gries, by her last will, devised to her husband, Jacob K. Gries, certain real estate and requested him that, out of the rents, issues and profits thereof, to invest $1,000 in some satisfactory security and transfer the same to the association above named, under a contract that so much of the income or principal as may be necessary shall be used by said association for the care, repair and maintenance of the burial lot in Springville cemetery, in which the remains of testatrix should be interferred. That after the death of Mrs. Gries, and in due course of the administration of her estate by the decree of distribution regularly entered, after notice, on January 5, 1897, there was distributed by the court to this association $1,000, to be paid out of the rents, issues and profits of the life estate of said Jacob K. Gries, and to be by him invested in a satisfactory security, to be transferred to said association upon the trusts and uses in said will provided. Thereupon, said association appointed plaintiffs trustees to take and receive such transfer of security for said association. That at all times, after the 1st of January, 1898, and until his death, the said Jacob K.

Gries kept segregated and in his hands, out of the proper funds, said sum of $1,000. That in 1903 said Jacob K. Gries died, so having such funds separated from his other estate; and after his death said funds in due course came into the hands of Foster, as administrator, and the same has at all times remained in his hands. That a claim was presented, more than ten months after the publication of notice to creditors, to defendant as administrator of the estate of Jacob K. Gries, by plaintiffs in their own behalf, and in behalf of the other members of the association, which claim was rejected. Plaintiffs bring this action thereon, by way of an amended and supplemental complaint—the original action having been brought against Jacob K. Gries in his lifetime, and in which action not only the amount here involved was sought to be recovered, but certain specified real property.

The first contention of appellant is that the presentation of the claim to defendant within the time required by law was a condition precedent to the right to maintain this action. We are of opinion that, under the facts of this case, the presentation of a claim was unnecessary. Whatever may have been the rights of Jacob K. Gries under the will, the decree of distribution became the law of the estate. The court having jurisdiction, construed the trust created by the will, and that judgment and decree is final and conclusive upon all parties then before the court. (*Toland* v. *Earl,* 129 Cal. 152, [79 Am. St. Rep. 100, 61 Pac. 914].) Gries, in obedience to such decree, segregated the sum ordered to be invested, and held the same in that manner, presumably in obedience to the decree, and presumably with the intent to transfer the funds whenever other questions which he was litigating were eliminated. These acts signified with reasonable certainty Gries' acceptance of the trust which was imposed upon him by the decree to invest and transfer. (Civ. Code, sec. 2222.) The fund having been by him segregated, the investment was sufficiently earmarked so as to be identified, and proven to have been turned over with the assets of the estate to the administrator. (*Elizalde* v. *Elizalde,* 137 Cal. 638, [66 Pac. 369, 70 Pac. 861].) It is only where payment of a claim is sought out of the assets of decedent's estate that such presentation is necessary. (*Elizalde* v. *Elizalde, supra.*

The sufficiency of the evidence to support the findings of the court as to the charitable character of the association is next challenged. Competent evidence appears in the record to show that the association was formed for certain purposes of charity and society, and holds its funds in trust for these purposes and none other; that the lodge funds are sacred to the purposes of charity and shall not be used for any other purpose. This evidence is sufficient to support the finding last referred to.

The competency of the lodge to receive this bequest is next challenged. We have nothing to do upon this appeal with the bequest, its nature or purpose. We are dealing only with the judgment of a court of competent jurisdiction, which has distributed to the association certain personal property, upon the use and trust in such decree of distribution specified. It will be presumed in support of such judgment that the distributee has power to accept and was a person competent to act as trustee. Were the rule otherwise, bodies such as this association before the court have been held so far under the control of a court of equity that they may be compelled to execute the duties of the trust, and can be dealt with for a breach thereof. (*Estate of Winchester*, 133 Cal. 274, [65 Pac. 475].) There being then before the court a distributee, and decree of distribution having become final, we may not now by indirection inquire into the validity of such judgment or decree, or the evidence offered and received in its support. There is evidence in the record to support a finding that Jacob K. Gries had this money in his possession, segregated and ready for payment. There is evidence that at one time before his death, to wit, in the early part of 1898, he had the same invested in proper securities, as by the decree directed, and tendered the same to the association, exacting, however, certain conditions before the transfer not consistent with the decree of distribution. This investment once proven to exist will be presumed to continue as long as usual with things of that nature. (Code Civ. Proc., sec. 1963, subd. 32.) The nature of the investment ordered was permanent, and investments of this character are shown to have come into the hands of the administrator after the decease of Gries. All of this tends to establish the findings of the court as to Gries' acceptance of the trust, the partial per-

formance thereof, and the receipt by the administrator of a trust fund ear-marked so as to be identified, and proven to have been turned over with the assets of the estate to the defendant, as administrator. A trust having devolved upon Gries in his lifetime by the decree, and his acceptance thereof established by acts performed by him, upon his death the trust devolved upon his personal representatives. (*Tyler* v. *Mayre,* 95 Cal. 160, [27 Pac. 160, 30 Pac. 196].)

We are of opinion that the judgment and decree of the court in this case, directing the transfer of the securities to the association as distributee under the decree of distribution, was warranted.

There being no error apparent in the record, the order is affirmed.

Gray, P. J., concurred.

SMITH, J., Concurring.—I concur in the judgment of affirmance. The appeal before us is from an order denying the defendant's motion for a new trial, and the questions to be considered are those only relating to appeals of this kind, which, in the present case, are confined to the alleged insufficiency of the evidence, and the point that the decision is against law.

The findings attacked for insufficiency of the evidence to support them are, in effect: (1) That the Ventura lodge is a charitable institution and its funds devoted exclusively to charity; (2) that the lodge is competent under the laws of the state of California to receive bequests of real and personal property; (3) that a thousand dollars was "segregated" by Gries for the purpose of complying with the provisions of the will out of the rents and profits of the lands devised to him, and that this sum has come into the hands of his administrator; and (4) that the claim of the lodge was presented to the administrator of the estate of Gries in the manner required by the provisions of section 1502 of the Code of Civil Procedure.

Of these findings, the first is clearly not supported by the evidence; for it appears, without contradiction, that the funds of the lodge are for the exclusive uses of a definite number of members, and that the lodge does not dispense charity to

outsiders. The association, therefore, in this regard, differs in no essential respect from an ordinary partnership, or other mutual benefit society; and hence, it cannot be regarded as a charitable institution or institution existing for charitable purposes, in the technical sense of the term. (2 Story's *Equity Jurisprudence*, 1156 et seq.; 2 Pomeroy's Equity Jurisprudence, secs. 1019, 1022; *People* v. *Cogswell*, 113 Cal. 129, 136, 137, [45 Pac. 270]; *Gorman* v. *Russell*, 14 Cal. 535; 1 Bacon on Benefit Societies, sec. 44.)

The second of the findings attacked is a mere conclusion of law, and will be correct or otherwise accordingly as we construe it. If it be construed as meaning that an unincorporated institution, such as the Ventura lodge, can take property in trust or otherwise, as a corporation or quasi-corporation distinct from its membership, or hold it as the representative of its fluctuating membership, the proposition cannot be admitted. (*Blakeslee* v. *Hall*, 94 Cal. 159, [29 Pac. 623].) But if it be construed as meaning no more than that the existing members of the association can take under the common name, it cannot be disputed. (*Grand Grove* v. *Garibaldi Grove*, 130 Cal. 119, [80 Am. St. Rep. 80, 62 Pac. 486].) In the present case, as will be seen, the proposition is asserted in the latter sense and no objection can be urged to it.

As to the finding of the segregation of a thousand dollars by Gries, there is no evidence in the record to support it. But the finding is obviously immaterial, unless in connection with the fourth of the findings objected to; which is in effect that the claim of the Ventura lodge was duly presented to the administrator of Gries' estate; nor in connection with this do we think it is of any materiality. The specific point of objection to the last finding is that the claim was not presented within the statutory time after the publication of notice to creditors required by section 1493 of the Code of Civil Procedure; and as this point is not disposed of by the findings, it may be assumed that the court intended to hold that, under the provisions of section 1502 of the Code of Civil Procedure, all that was required was that the claim should be presented before a recovery could be had. But assuming, for the purposes of the decision only, that the court was wrong in this view, the error is in this case quite immaterial; for here the claim of the lodge is to a definite fund created by the terms

of the will and the decree of distribution, and charged upon the real estate allotted to the defendant Gries; which must be regarded in a court of equity as an interest in or lien upon specific property. (Code Civ. Proc., secs. 1505, 1686.) It is, therefore, not a claim against the estate in the sense of the term as used in section 1493.

There remains to be considered, therefore, only the objection that the decision of the court is against law, which will require a consideration of the effect of the provisions of the will and of the decree of distribution.

With regard to the former, were the subject before us an original question, I would perhaps have no difficulty in allowing the contentions of the appellants, which are: (1) That it was the intention of the testatrix that the transfer of the thousand dollar fund provided for to the Ventura lodge should be upon the trust that it should be maintained by it as a permanent fund and the income used for the care of the grave of the testatrix, with resulting trust to the successor of the testatrix of so much of the fund as should not be required for this purpose (Civ. Code, sec. 866; 2 Story's Equity Jurisprudence, 1196, 1196a; 2 Spence's Equity Jurisprudence, 22, 223, 224); (2) that it was not intended to confer any interest, beneficial or fiduciary, upon the several members of the lodge, but that the transfer was to be made to the lodge as a quasi-corporation; and (3) that the trust thus created was void for the double reason: first, that it was in contravention of section 9, article XX of the constitution relating to perpetuities (*Estate of Gay,* 138 Cal. 553, [94 Am. St. Rep. 70, 71 Pac. 707]; 2 Story's Equity Jurisprudence, 1156 et seq.; 2 Pomeroy's Equity Jurisprudence, secs. 1019, 1022; *People v. Cogswell,* 113 Cal. 129, 136, 137, [45 Pac. 270]; 1 Bacon on Benefit Societies, sec. 44), and of sections 847 and 857, subdivision 3, of the Civil Code, relating to uses and trusts; and secondly, because the lodge was not a person competent to take as trustee (*Estate of Winchester,* 133 Cal. 275, [65 Pac. 475]; *Estate of Upham,* 127 Cal. 95, [59 Pac. 315]; *Blakeslee v. Hall,* 94 Cal. 159, [29 Pac. 623].) But here the will has been, as it were, merged in the decree of distribution, which is to be taken as conclusive of the rights of all parties entitled, legally or equitably, to a share of the

estate (Code Civ. Proc., secs. 1665, 1666), and the case must therefore turn upon the construction and effect of this decree.

As to this, it may be, and in effect is, contended by the appellant that the person or supposed person named in the decree as distributee, i. e., the Ventura lodge, is not a person competent to take as trustee, or otherwise, and that this is equally fatal to the validity of the decree as to that of the bequest. But this contention is based upon the assumption that it was the intention of the decree to direct the transfer to be made to the Ventura lodge as a quasi-corporation, and that it was not its intention that the individual members of the lodge should take any interest. But we find nothing in the terms of the decree to justify this assumption. All that is said is that the thousand dollar fund shall be transferred to the lodge upon the execution of the contract specified; and to give effect to the decree we must suppose that the term "lodge" is used simply as the common name of the members; so that, in effect, the order is, that the transfer be made under the common name to the members of the lodge jointly (*Grand Grove* v. *Garibaldi Grove*, 130 Cal. 119, [80 Am. St. Rep. 80; 62 Pac. 486]; *Gorman* v. *Russell*, 14 Cal. 535). Upon any other construction, the decree would be defective in failing to designate any person or persons entitled to share in the estate, which it was essential to the jurisdiction of the court and to the validity of the decree should appear. For under the express provisions of the statute, the jurisdiction of the superior court in distributing the estates of deceased persons extends only to the determination of the persons entitled to distribution; and to give effect to any provision of the decree the designation of such person is essential. In the present case, the lands in question were allotted by the decree to Gries, and, upon the hypothesis we are now considering, without the designation of any other person or persons competent to take as entitled to an interest therein; and upon this hypothessis the directions to Gries as to the disposition of the rents and profits of his lands would be clearly nugatory. We have no alternative, therefore, other than to construe the decree as requiring the transfer of the fund to the members of the lodge jointly under the common name.

Whether it was the intention of the decree that the fund when thus transferred was to be held by the donees in trust

for the purpose named in the will, either wholly or in part, is not expressly determined by the decree; but the contrary, we think, is to be inferred. For otherwise the effect of the decree would be to create a perpetuity in contravention of the constitutional provision, which it is not to be presumed was the intention of the court. The decree must, therefore, be construed as directing an absolute transfer of the fund to the lodge, or rather, under its name, to the members of the lodge, thus leaving in Gries, the owner of the land, no right in the fund, or in its disposition, but merely a right of action for any breach of the contract that might occur.

The judgment in the case before us conforms precisely to the decree of distribution as thus construed and must be construed in the same way, i. e., as directing the fund to be transferred absolutely to the San Buena Ventura Lodge, etc., upon the execution of the contract called for. This is to be understood as directing a conveyance under the common name to the associated members as existing at the date of the decree; and it must be assumed in support of the judgment, either that these were the same members as those existing at the date of the death of the testatrix and at the date of the decree of distribution, or that under the constitution and by-laws of the lodge the present had succeeded to the rights of the former members. (*Grand Grove* v. *Garibaldi Grove,* 130 Cal. 119, [80 Am. St. Rep. 80, 62 Pac. 486].)

Thus far, the judgment conforms to the decree of distribution, and the decision is, therefore, not against law. The judgment, indeed, might have gone further and placed some conditions or restrictions upon the lodge with reference to the use and disposition of the fund. But as there is no appeal from the judgment, the questions thus suggested cannot be considered.

I am of the opinion, therefore, for the reasons given, that the order appealed from should be affirmed.