[Civ. No. 8153. Second Appellate District, Division One.—May 31, 1932.]

In the Matter of the Estate of GARY WIRT, Deceased. HIRAM LODGE No. 18, FREE AND ACCEPTED MASONS OF DELAWARE, OHIO, et al., Respondents, v. CHARLES H. COX et al., Appellants.

Ford & Johnson for Appellants.

Harry K. Sargent for Respondents.

TAPPAAN J., *pro tem.*—At the time this matter was first presented to the superior court, upon the petition of Hiram and Jackson lodges, praying distribution to them of the residue of the estate of Gary Wirt, the heirs at law of said deceased appeared and filed their contest and objection to such distribution, alleging as the sole ground of such contest "that the bequest in the will of said deceased was and is void under the provisions of article XX, section 9, of the Constitution of the state of California". The trial court heard the contest and decided that the bequest to the

petitioning lodges was void under the provisions of the article of the state Constitution just cited, and thereupon made its order and decree for the distribution of the residue of the estate to the heirs at law. From this decree of distribution the lodges appealed. Upon the final presentation of this matter upon that appeal to the Supreme Court, counsel for the appellants presented an application purporting to be made under section 956a of the Code of Civil Procedure for leave to produce evidence before the Supreme Court that said lodges were, in fact, charitable or eleemosynary institutions within the intent and meaning of the exception contained in the foregoing cited section of the state Constitution. The Supreme Court in its decision of this matter (*Estate of Wirt,* 207 Cal. 106, 111 [277 Pac. 118, 120]) said: "Applying this principle to the facts as presented upon this appeal, we have become satisfied that the question as to whether or not certain lodges which are independent as to the detail of their local organization, but which in a general way belong to one branch of a widespread order of Masonry, are or are not charitable as to the main objects and purposes of their organization and conduct, but which exist at places remote from the area over which this court exercises jurisdiction, is a question as to which this court cannot, as a matter of law, assume to take judicial notice, but which are essentially matters of fact to be made the subject of judicial inquiry and of the proffer of appropriate proof before the trial court."

The court then, after reversing the lower court, as to the decree of distribution, made the following order: "and that the cause should be remanded to the trial court, with instructions to reopen the same and to take such further proceedings therein as are in conformity with the views expressed in this opinion". In accordance with this order of the Supreme Court, the superior court regularly heard this matter. At this hearing the petitioners, who are respondents upon this appeal, introduced in evidence certain depositions of witnesses, residents of the states of Indiana and Ohio, the situs of the petitioner lodges, named in the will of the said deceased. The contestants, the appellants here, offered no evidence at this hearing. The matter was submitted to the court and the court made and filed written findings of fact in which it found that peti-

tioners "are eleemosynary and charitable institutions, and that the constitutional inhibition against perpetuities, does not affect the bequest to said lodges as contained in the will of Gary Wirt, deceased". Contestants' motion for a new trial was denied by the trial court. Judgment was duly entered in accordance with the court's findings of fact and conclusions of law, and from this judgment, contestants appeal.

The contention of appellants is that the evidence is insufficient to justify or support the findings made by the court herein. The only evidence offered at the hearing had in this matter was that contained in certain depositions of witnesses taken on behalf of the petitioner lodges. These witnesses resided within the jurisdictions within which the lodges were located and gave testimony as to the aims and purposes for which they were established and maintained, and as to their management, administration and control. At the opening of the hearing, counsel for the contestants made a general objection to the answers as contained in the depositions, that the answers were incompetent, irrelevant and immaterial and further moved to strike out each answer as hearsay, voluntary, not responsive and a conclusion. The objections and motions were taken under advisement by the court and later overruled and denied. The interrogatories, the answers to which appellants directed these objections and motions, were very broad in their statement, though couched in language calculated to elicit evidence responsive to the question submitted to the trial court for inquiry. ■ The form of the interrogatory was not the subject of attack. (Sec. 2025, Code Civ. Proc.) The objection that the answers were not responsive could only be properly made by the proponent of the interrogatory. It was not error for the trial court to refuse to strike out voluntary evidence if it would have been otherwise admissible. (*Davis* v. *Parsons*, 165 Cal. 70, 80 [130 Pac. 1055].) The interrogatories were very broad in their scope, and comprehensive and intelligible answers, of necessity, must have been prolix and voluminous. ■ From an examination of the questioned answers it appears that a very large part of the matter they contain was not subject to objection or motion to strike, and, as to the remainder, if it can be deemed questionable under any theory what-

soever the circumstances under which it was received would not justify a reversal here.

The evidence produced by the petitioner lodges at the hearing was, in the case of each lodge, of a very similar character. They were not established or maintained for profit or gain. They were part of a statewide organization. Their purposes were of a moral and charitable nature. The charitable activities, though in the main confined to members and their families, were, in times of stress or great public need, extended to include relief to those not affiliated with the order. The moneys collected by them were used in maintaining their organization, both local and state, and in carrying on their charitable work. Appellants contend that the evidence is insufficient to support the finding that the lodges were mainly organized or existed for eleemosynary purposes, as that expression is used in the Constitution. In commenting upon a situation very similar to that presented here, and involving a lodge of the same general character as petitioners', the court in *Kauffman* v. *Foster*, 3 Cal. App. 741, 744 [86 Pac. 1108], used the following language which is appropriate to the instant case: ''The sufficiency of the evidence to support the findings of the court as to the charitable character of the association is next challenged. Competent evidence appears in the record to show that the association was formed for certain purposes of charity and society, and holds its funds in trust for these purposes and none other; that the lodge funds are sacred to the purposes of charity and shall not be used for any other purpose. This evidence is sufficient to support the finding last referred to.'' The term ''eleemosynary'' as made use of in connection with the constitutional exception referred to is synonymous with ''charitable'' as the latter word is used and understood in treatises and decisions upon the subject of trusts. (*Estate of Sutro,* 155 Cal. 727, 734 [102 Pac. 920, 923].) The fact that the institution is one which is not operated for gain or profit is strongly indicative of its charitable character. (*People* v. *Cogswell,* 113 Cal. 129 [35 L. R. A. 269, 45 Pac. 270].) The fact that some of the activities of the lodges may not be classified as charitable does not deprive the institution of its eleemosynary character if the main purpose be charitable. (*Estate of Dol,* 186 Cal. 64 [198 Pac.

1039].) In *Estate of Sutro*, 155 Cal. 727, at page 736 [102 Pac. 920, 923], the court quotes with approval the general definition of "charitable" found in *Jackson* v. *Phillips*, 14 Allen (Mass.), 556, as follows: "A charity, in the legal sense, may be more fully defined as a gift to be applied, consistently with existing laws, for the benefit of an indefinite number of persons either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, *or otherwise lessening the burdens of government."* (Italics ours.)

The evidence presented in the instant case conclusively shows that the work as carried on by the petitioner lodges was of such a nature, though in part limited to members of the lodges and their families, that it directly lessened the burden that otherwise would have rested upon the public. Read as a whole the evidence presented here is sufficient to support the court in its finding that the main purpose of the petitioner lodges was eleemosynary within the meaning of our state Constitution. In the great number of authorities which have been cited to this court from other jurisdictions it should be noted that in many of the instances the statutes involved were of a much more restricted nature and involved questions arising under laws limited to "public charities", "pure charities", "purely public charities". Our Constitution makes no such limitation, neither is such limited construction to be found in our reported cases.

■ Appellants' contention that the questioned bequest was for a particular purpose only and that there was no general charitable intention cannot be sustained. Our courts have, in the construction of such bequests, uniformly upheld them where it could be fairly said that an intention to create a charitable donation appeared. "But in this country courts have been extremely liberal in construing charities, and under principles analogous to the doctrine of *cy pres* have enforced trusts far more indefinite and inexact than the one here involved." (*Estate of Upham*, 127 Cal. 90, 94 [59 Pac. 315, 317].)

■ Appellants' last contention is founded, it would appear, upon the question presented at the hearing before

the Supreme Court, "as to whether the matter of the application of the income to be derived from the residue of said estate to 'current expenses' was incidental to the main object of these organizations, and hence was in the nature of a charitable bequest''. (*Estate of Wirt, supra,* at page 109.) The will of the deceased provided that "only the income of said funds shall be used for current expenses''. It would be an exceptional institution in which the administration of a fund of the character that is here involved would not incur some expense, either directly or indirectly. The fact that the deceased in his will has provided for a limitation upon the amount of such expense that may be charged as against the fund which he provides to be established, of itself would not change the character of the fund. The trial court very properly found that the main purpose of the lodges was charitable, and, if in the effectuation of this charity, funds are incidentally used in a manner which, if considered as isolated examples rather than as a part of the general plan of the deceased, would be other than charitable, this fact, under the circumstances present here, does not change the eleemosynary character of the bequest. Limitations of somewhat similar nature have been upheld by our courts in a number of cases. (*Estate of Peabody,* 154 Cal. 173 [97 Pac. 184]; *Estate of Royer,* 123 Cal. 614 [44 L. R. A. 364, 56 Pac. 461]; *Estate of Coleman,* 167 Cal. 212 [Ann. Cas. 1915C, 682, 138 Pac. 992]; *People* v. *Cogswell, supra.*) In *City of Petersburg* v. *Petersburg Benefit Assn.,* 78 Va. 431, 436, the court said: "Its revenues are wholly applied to the payment of its current expenses, the assistance of its indigent members, and the families of such members as may have died in needy circumstances. These are charitable purposes.'' The evidence before this court in the instant case supports the conclusion reached by the court in the above-quoted case.

The judgment appealed from is affirmed.

York, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. Section 9 of article XX of the Constitution, on which this appeal rests, reads as follows: "No perpetuities shall be

allowed except for eleemosynary purposes.'' The will provides that the residue of the estate shall be equally divided between the two lodges, and that ''said lodges shall place said -fund in a special funds to be known as the Gary Wirt fund, and only the income of said funds shall be used for current expenses''.

There is not to be found, in these terms of the will, any attempted creation of a perpetuity. The title of the legatees vests immediately. ''The rule against perpetuities, engrafted upon our system by the Constitution, relates only to future interests in property, the vesting of which is to be postponed beyond the allotted time.'' (*Estate of McCray,* 204 Cal. 399, 406 [268 Pac. 647, 650].) For the foregoing reasons, and entirely apart from the charitable or other characteristics of the respondent legatees, I think that the appeal is without merit.